908 F.2d 973
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony HINKSTON, Petitioner-Appellant,
v.
Terry L. MORRIS, Supt., Respondent-Appellee.
 No. 89-3966.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1990.
 
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Ohio prisoner has filed a "motion for declaratory judgment" in his appeal from the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Anthony Hinkston raised eight grounds for relief, including allegations of perjured testimony, lack of probable cause for the arrest, lack of jurisdiction of the trial court, improper search and seizure, lack of a preliminary hearing, prosecutorial misconduct, denial of the right to present a witness in his behalf, denial of a post-trial motion for relief, and violation of his right to a fair trial.
 
 
 3
 The magistrate determined that Hinkston was barred from bringing seven of his claims to federal court because he failed to show cause and prejudice to excuse his failure to present these claims to the state courts. Finding the remaining claim meritless, the magistrate recommended dismissal. Because no objections to the magistrate's report were filed, the district court adopted the report and recommendation and dismissed the petition.
 
 
 4
 On appeal, Hinkston argues that the district court lacked jurisdiction to review his petition for a writ of habeas corpus because the entry of sentence and judgment was not signed by the state court judge. Additionally, he argues that the cause and prejudice test does not apply to his claim. Finally, he asserts that he prepared and delivered his objections to prison authorities, who allegedly never forwarded them to the district court. Because Hinkston's failure to file objections may have been due to circumstances beyond his control, we have reviewed the merits of the issues presented on appeal, and shall affirm the district court's judgment.
 
 
 5
 The district court correctly determined that the "cause and prejudice" test applies to Hinkston's case. See Teague v. Lane, 109 S.Ct. 1060, 1068-69 (1989); Leroy v. Marshall, 757 F.2d 94, 97 (6th Cir.), cert. denied, 474 U.S. 831 (1985).
 
 
 6
 In addition, Hinkston's claim that the district court lacked jurisdiction is without merit. Hinkston relies on a state court opinion holding that the lack of a time-stamped entry deprives the state court of appellate jurisdiction. See State v. Ginocchio, 38 Ohio App.3d 105, 526 N.E.2d 1366, 1368 (1987) (per curiam). The present case is distinguished because Hinkston does not seek direct appellate review in the state court but asserts "that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. Sec. 2254(a).
 
 
 7
 Accordingly, all pending motions are denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.