OPINION
This is an appeal from the Lake County Court of Common Pleas. On July 11, 1995, appellant, Jay R. Vernon, was indicted on one count of rape of a twelve-year-old girl in violation of R.C.2907.02. Appellant pled not guilty at his arraignment. On October 3, 1995, appellant changed his plea to guilty. The trial court sentenced appellant to serve an indefinite term of six to twenty-five years in prison.
The subject of the instant appeal is a series of motions that began when appellant filed a "Motion to Enter Judgment pursuant to Crim.R. 32(B)" on August 6, 1998.[1] In this motion, appellant maintained that a valid judgment of conviction and sentence had never properly been entered against him. This contention was predicated solely upon the fact that the November 13, 1995 sentencing entry bore the caption "Journal Entry," instead of "Judgment Entry." Appellant claimed that the trial court had not met the requirements of Crim.R. 32(B) when imposing sentence on him because the document journalized by the clerk of court was styled as a journal entry. Since the document was captioned as a journal entry, rather than expressly being labeled as a judgment, appellant argued that the entry was of no force or effect and could not serve to validate his continuing detention in prison. Accordingly, appellant requested that the trial court issue an appropriate judgment in compliance with Crim.R. 32(B).
On September 18, 1998, the trial court issued a judgment entry in which it essentially held appellant's motion to be well-taken. In doing so, the trial court acknowledged that the November 13, 1995 sentencing entry was designated as a journal entry, rather than a judgment entry. The trial court noted that the use of the term "journal entry," while commonplace, is incorrect as a technical matter. After reviewing the sentencing entry, however, the trial court held that it was unequivocally intended to be a final judgment from which an appeal could be taken and that the captioning of the document as a journal entry had absolutely no effect upon the reasoning contained therein. Moreover, the trial court observed that the sentencing entry fully comported with the criteria set forth in State v. Ginocchio (1987), 38 Ohio App.3d 105, for a final appealable order in a criminal case. Nonetheless, in order to obviate appellant's concern as voiced in his motion, the trial court issued a nunc pro tunc order changing the caption of the sentencing entry to read "Judgment Entry."
Despite the fact that the trial court effectively granted the relief he requested, appellant responded on October 5, 1998 by filing an objection to the court's nunc pro tunc revision of the November 13, 1995 sentencing entry. Pursuant to the objection, appellant claimed that the sentencing entry still did not satisfy the criteria for a valid final judgment in a criminal proceeding under Ginocchio. As a result, appellant asked that he be immediately released from incarceration because his imprisonment was illegal in light of the continuing absence of a valid judgment.
In addition to this objection, appellant filed documents entitled "Motion to Object" and "Case Management Order and Appointment of Counsel." The former motion was essentially duplicative in that it related to the alleged injustice that had been perpetrated on appellant by the original captioning of the sentencing entry as a journal entry, while the latter motion requested that the trial court appoint counsel to represent appellant in the matter.
On December 18, 1998, the trial court issued a judgment entry denying all three pending motions. In doing so, the trial court found that appellant's objection was unfounded for two reasons: (1) the court had changed the caption of the sentencing entry to "Judgment Entry" as requested by appellant; and (2) the sentencing entry complied with Ginocchio in every respect.
From this judgment, appellant filed a timely notice of appeal with this court. He proceeds pro se and asserts the following assignments of error:
 "[1.] Whether the trial court abused it's [sic] discretion [by] denying the appellant's objections and motions.
 "[2.] Whether appellant was denied redress in the trial court.
 "[3.] Whether a judgment that lacks finality can authorize imprisonment of appellant."
These assignments of error are interrelated. Accordingly, we will consolidate appellant's three assignments for purposes of analysis and resolution.[2]
The central issue in the instant case is whether the November 13, 1995 sentencing entry constituted a valid judgment of conviction and sentence. Appellant claims that this document was legally defective because it was captioned as a journal entry, instead of a judgment entry.
Crim.R. 32(C) currently provides as follows:
"(C) Judgment
 "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."[3]
Crim.R. 32(C) uses the term "judgment" when referring to the means by which a trial court enters a conviction and sentence against a defendant in a criminal proceeding. The word "judgment" is also employed in every other set of procedural rules in Ohio. See, e.g., Civ.R. 58(A); Juv.R. 34(C); App.R. 12(B); Sup.R. 7(A); Sup.Ct.Prac.R. XI(1).
This court has previously made the following observation:
 "[T]he proper vehicle for disposing of any motion, civil action, or criminal action is a `Judgment Entry.' Journalization is the process by which the clerk enters a judgment entry upon the court's journal, and, therefore, finalizes a judgment. Accordingly, every final appealable order from which a party appeals to this court should properly be captioned `Judgment Entry' pursuant to both the Civil and Criminal Rules. Thus, whenever a court requests a party to prepare `an entry,' for any purpose, the responsible attorney should present the court with a document captioned `Judgment Entry.'" Gentry v. Richmond Industries (June 26, 1998), Lake App. No. 97-L-077, unreported, at 3, 1998 WL 553244. See, also, State v. Occhipinti (May 14, 1999), Lake App. No. 98-L-061, unreported, at 8, 1999 WL 315400 (wherein this court cited Gentry and stated that "we are disturbed by the continued confusion that is caused by courts referring to their `Judgment Entries' as `Journal Entries'").
As a technical matter, therefore, the trial court should have captioned the November 13, 1995 sentencing entry as a judgment entry. Nevertheless, we categorically reject appellant's argument to the effect that he was never properly convicted and sentenced for the crime of rape because the document in question was designated as a journal entry.
The caption of an entry in a criminal case is not dispositive of whether it amounts to a valid final judgment from which an appeal can be taken. Rather, this court has endorsed the criteria set forth in State v. Ginocchio, supra, as being determinative. See, e.g., Willoughby v. Mazura (Sept. 30, 1999), Lake App. No. 98-L-012, unreported, at 4, fn. 1, 1999 Ohio App. LEXIS 4642. InGinocchio, the Twelfth District Court of Appeals held that a final entry in a criminal case must contain the following: (1) the case caption and number; (2) a designation as a decision or judgment entry or both; (3) a clear pronouncement of the trial court's judgment, including the plea, the verdict or findings, sentence, and the court's rationale if the entry is combined with a decision or opinion; (4) the judge's signature; and (5) a time stamp indicating the filing of the judgment with the clerk for journalization. Ginocchio, 38 Ohio App.3d at 106.
With regard to the second criterion, it is not uncommon for an appellate court to be confronted with a trial court filing that is labeled as a journal entry, instead of a judgment entry. Although the latter is certainly the more accurate and preferred designation, the use of the former on a criminal entry does not preclude the entry from having the force and effect of law nor does it mean that the entry is not a final appealable order.
In the case sub judice, the November 13, 1995 sentencing entry met the requirements of Ginocchio for a valid final judgment in a criminal matter: (1) the case caption included the parties' names and the trial court case number; (2) the document was labeled as an entry, albeit a journal entry; (3) the entry set forth an express pronouncement of appellant's guilty plea, the trial court's judgment, and the sentence imposed; (4) the entry was signed by the judge; and (5) the entry was properly time-stamped, thereby memorializing its journalization by the clerk of court. As a result, not only was the sentencing entry manifestly intended to be a judgment, it was a valid final order from which appellant could have perfected a timely appeal.
It should also be noted that the trial court took steps to correct the designation of the sentencing entry after appellant raised the issue in his motion to enter judgment pursuant to Crim.R. 32. As described previously, the trial court issued anunc pro tunc order changing the caption of the document to read "Judgment Entry" in response to appellant's motion.
With regard to the issuance of a nunc pro tunc order, this court has observed:
 "`The purpose of a nunc pro tunc order is to have the judgment of the court reflect its true action. The power to enter a judgment nunc pro tunc is restricted to placing upon the record evidence of judicial action which has actually been taken. * * * It does not extend beyond the power to make the journal entry speak the truth, * * * and can be exercised only to supply omissions in the exercise of functions which are merely clerical * * *. It is not made to show what the court might or should have decided, or intended to decide, but what it actually did decide. * * *'" (Emphasis omitted.) State v. Pocius (1995), 104 Ohio App.3d 18, 21, quoting McKay v. McKay
(1985), 24 Ohio App.3d 74, 75.
 A nunc pro tunc judgment, in other words, is to be employed to correct clerical errors only. Through a nunc pro tunc order, the trial court may make a prior entry reflect its true judgment as long as the amendment does not alter the substance of the previous decision.
In the present matter, the trial court amended the caption of the sentencing entry to read "Judgment Entry" in order to reflect the procedurally proper term. This change to the document's caption was merely clerical in nature. It did not alter the underlying judgment of conviction and sentence in any way. As such, the nunc pro tunc order was a proper vehicle for effectuating such a clerical change.
The trial court did not err in denying the various objections and motions filed by appellant in the wake of the nunc pro tunc
order. As discussed above, the original November 13, 1995 sentencing entry was a valid final judgment under Ginocchio. Beyond this, the trial court's actions in changing the caption of the sentencing entry to read "Judgment Entry" were proper and appropriate.
Based on the foregoing reasons, the assignments of error are meritless and are overruled. Accordingly, the judgment of the trial court is affirmed.
Judgment affirmed.
 ________________________________________________________ JUDGE JOSEPH DONOFRIO, Ret., Seventh Appellate District, sitting by assignment.
NADER, P.J., O'NEILL, J., concur.
[1] The version of Crim.R. 32(B) that was in effect at the time of appellant's sentencing was redesignated as section (C) effective July 1, 1998. Thus, any references to Crim.R. 32(B) now correspond to Crim.R. 32(C) under the current version of the rule.
[2] The argumentation in appellant's brief is disjointed. In addition to raising the "Journal Entry" v. "Judgment Entry" captioning dichotomy, appellant touches upon a variety of other issues. For example, appellant seemingly challenges whether he received the effective assistance of trial counsel during the plea negotiations, whether the trial court complied with the strictures of Crim.R. 11 when accepting his guilty plea, and whether the trial court properly denied a petition for postconviction relief which he filed after his incarceration. Such matters are not appropriate for appellate review as none of these issues is currently before this court. The instant appeal relates solely to the propriety of the trial court's December 18, 1998 judgment.
[3] Again, we note that this language was designated as Crim.R. 32(B) at the time of appellant's sentencing hearing.