OPINION
Plaintiff-appellant, the state of Ohio, appeals a decision of the Clermont County Court of Common Pleas granting the motion to suppress of defendant-appellee, Michael Schwab.
On September 5, 1999, Officer Scott Blankenship of the Union Township Police Department drove his marked police car into the parking lot of the Déjàvu Restaurant Lounge. Because of previous arrests for alcohol and narcotics use in parking lots in Union Township, part of Officer Blankenship's routine patrol duties included passing through restaurant parking lots to check for violations.
As he drove through the parking lot, Officer Blankenship noticed two individuals sitting in a parked vehicle in the west corner of the lot. As the officer drove toward the corner of the parking lot, he shined the police cruiser's spotlight at the vehicle. The two individuals in the car turned their heads toward the light then turned back around. While the light was still on the vehicle, appellee, the passenger in the car, ducked his head forward so that the officer lost sight of him.
Officer Blankenship parked the police cruiser and began walking toward the vehicle. Before the officer reached the car, appellee opened the passenger door and exited the vehicle. Officer Blankenship noticed numerous open containers of beer that were openly visible on appellee's side of the vehicle. Officer Blankenship then asked the driver to exit the car and took both individuals to the rear of the vehicle.
Another officer arrived at the scene to assist and a pat down of the appellee and the driver was conducted. A crack pipe and a rock of crack cocaine was discovered in the vehicle. The crack pipe was between the seats, and the crack cocaine was found on the passenger side floorboard.
Officer Blankenship asked appellee if he had been drinking. Appellee responded that he and the driver had been drinking and smoking crack in the car. After receiving Miranda warnings, appellee again stated that he and the driver had been drinking and smoking crack in the car.
Appellee was indicted for knowingly possessing a controlled substance in violation of R.C. 2925.11(A). Appellee filed a motion to suppress on April 25, 2000. The trial court held a hearing on May 22, 2000, and Officer Blankenship testified regarding the events leading up to appellee's arrest.
The trial court granted appellee's motion to suppress in a decision dated June 15, 2000 and a judgment entry was entered into the record on July 14, 2000. The state filed a notice of appeal on July 17, 2000 and a certification pursuant to Crim.R. 12(J) on July 19, 2000.
Before addressing appellant's assignment of error, we must address another matter. In his brief, appellee raises the following cross-assignment of error arguing that the state did not timely appeal the trial court's decision:
 THE STATE OF OHIO DID NOT FILE A TIMELY NOTICE OF APPEAL IN THIS CASE AS REQUIRED BY CRIM.R. 12(J). THEREFORE, THIS COURT IS WITHOUT JURISDICTION TO CONSIDER THE STATE'S APPEAL.
Pursuant to Crim.R. 12(J), the state had "seven days after the date of the entry of the judgment or order granting the motion" to file an appeal. Appellee argues that the trial court's June 15, 2000 decision was the final appealable order in this case, not the July 17, 2000 judgment entry.
On June 29, 2000, after the court's decision was filed, the state filed a "Motion for a Judgment Entry." The court held a hearing on the motion on July 14, 2000. At the hearing, the prosecuting attorney stated that, pursuant to the local rules, the prevailing party on a motion is required to prepare a judgment entry to be filed in the case. The prosecutor stated that after a few days had passed and he did not receive the entry, he telephoned counsel for defendant to inquire about the entry. Counsel for defendant stated that he felt the court's decision was the final appealable order in this case and that he was not going to prepare a judgment entry.
At the hearing, the trial court stated that it did not intend the decision to be a final appealable order and that it anticipated that a judgment entry would be prepared. The trial court ordered that a judgment entry be prepared and filed. The state then filed a timely appeal from the judgment entry.
Appellee argues that the trial court's decision was a final appealable order because it meets the requirements we set forth for a final appealable order in State v. Ginocchio (1987), 38 Ohio App.3d 105 . The State argues that "[a] document not labeled a judgment or unequivocally intended to be a judgment does not constitute a judgment triggering the time within which to file a notice of appeal." State v. Tripodo (1977),50 Ohio St.2d 124, 126.
The confusion stems from language at the end of the trial court's decision which states: "Pursuant to Crim.R. 12(J), this is an appealable order." The trial court stated that it did not intend the language to mean that the decision itself was the appealable order. Instead, because not all interlocutory decisions are immediately appealable, the court stated that it intended the language as a reminder to the parties that the entry reflecting the decision would be a final appealable order under Crim.R. 12(J).
We are satisfied that the trial court did not intend the June 15, 2000 decision to be the final appealable order. We find that the July 17, 2000 judgment entry granting the motion to suppress was the final appealable order, and that the state's appeal was therefore timely. The cross-assignment of error is overruled.
In its appeal, the state raises a single assignment of error:
 THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION TO SUPPRESS.
In its assignment of error, the state contends that the trial court erred by granting the motion to suppress. When considering a motion to suppress evidence, the trial court serves as the trier of fact and is the primary judge of the weight of the evidence and the credibility of witnesses. State v. Fanning (1982), 1 Ohio St.3d 19, 20. When reviewing a trial court's decision on a motion to suppress, an appellate court must accept the trial court's factual findings if they are supported by substantial and credible evidence. State v. Williams (1993),86 Ohio App.3d 37, 41. An appellate court, however, determines "without deference to the trial court, whether the court has applied the appropriate legal standard to the facts." Id.
The trial court found that Officer Blankenship's actions constituted a seizure, and that the officer did not have reasonable articulable suspicion to stop appellee when he did. The trial court found that a seizure occurred when the police officer shined the spotlight into the car, parked the cruiser "off-center" behind the suspect's vehicle, and exited his car and began walking toward the suspects.
Fourth Amendment guarantees are not implicated in every personal encounter between police officers and citizens. Florida v. Bostick
(1991), 501 U.S. 429, 434, 111 S.Ct. 2382, 2386. An encounter that does not involve physical force or a show of authority does not necessarily implicate the Fourth Amendment. Id. In order to determine whether a particular encounter constitutes a seizure, a court must consider all the circumstances surrounding the encounter to determine whether the conduct of the police communicated to the defendant that he was not free to decline the officer's requests or to terminate the encounter. Id.; Statev. Johnston (1993), 85 Ohio App.3d 475, 478.
A law enforcement officer does not need reasonable suspicion to merely approach an individual to make inquiries. State v. Reed (Sept. 11, 2000), Clermont App. No. CA99-11-102, unreported, at 5. "[L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public space, by asking if he is willing to answer some questions, by putting questions to him if the person is willing to listen * * *." Florida v. Royer (1983), 460 U.S. 491,497, 103 S.Ct. 1319, 1324. When police approach and question the occupants of a parked vehicle, their conduct does not constitute a seizure. State v. Boys (1998), 128 Ohio App.3d 640, 642; State v. King
(Aug. 23, 1999), Clermont App. No. CA98-12-123, unreported; Johnston,85 Ohio App.3d at 478; State v. Robinson (Sept. 8, 1997), Warren App. No. CA97-04-093, unreported.
After reviewing the record, we find that Officer Blankenship's actions did not constitute a seizure. The facts of this case show that the officer shined the spotlight into the car, parked at an angle behind the vehicle, and began to approach. Nothing in these actions constitutes a show of authority or constitutes a use of physical force. As noted above, approaching the occupants of a parked car to ask questions does not constitute a seizure. The fact that the officer shined the spotlight into the car does not change the analysis, nor does the fact that the officer parked at an angle behind the vehicle.
The trial court found that the officer limited, if not blocked, the vehicle's exit, although noting that it was unclear from the testimony to what extent the police cruiser actually prevented the vehicle from leaving the scene. However, even if exit was limited or blocked, this court has previously found that a police officer's act of parking his patrol car behind and perpendicular to a citizen's vehicle does not, in and of itself, turn a consensual encounter into an investigatory stop.State v. Reed (Sept. 11, 2000), Clermont App. No. CA99-11-102, unreported; King, Clermont App. No. CA98-12-123, unreported.
Appellee willingly exited the car and approached Officer Blankenship before the officer could begin to question him. Under these facts, the encounter was a consensual encounter that did not trigger Fourth Amendment scrutiny and require reasonable suspicion. When appellee exited the vehicle and the officer noticed the open beer containers in the vehicle, reasonable suspicion for an investigative detention existed.
Because the police officer's conduct did not constitute a seizure implicating the Fourth Amendment, the trial court erred in granting the motion to suppress. Appellant's assignment of error is sustained.
Judgment reversed and cause remanded to the trial court for further proceedings according to law and consistent with this opinion.
WALSH and VALEN, JJ., concur.