OPINION
This action in habeas corpus is presently before this court for final consideration of respondent's motion to dismiss, filed on July 12, 2001. As the primary basis for his motion, respondent, Warden Rich Gansheimer of the Lake Erie Correctional Institution, contends that the habeas corpus claim of petitioner, Terence Brewer, does not state a viable ground for his release because petitioner has not alleged the commission of any error which would deprive the trial court of jurisdiction. For the following reasons, we conclude that the motion to dismiss has merit.
According to the allegations in his instant claim, petitioner's present incarceration in the correctional institution is predicated upon a criminal conviction rendered in the Cuyahoga County Court of Common Pleas. Petitioner asserts that, at the conclusion of a jury trial held in July 1994, he was found guilty of carrying a concealed weapon, having a weapon while under a disability, and certain specifications under both counts. Petitioner further asserts that, based upon the jury verdict, the Cuyahoga County trial court sentenced him to two indefinite prison terms on the two main counts, to be served consecutively with a definite term of three years on the specifications.
In now maintaining that he is entitled to be released immediately, petitioner argues that his incarceration is illegal because the trial court never issued a proper judgment delineating the details of his conviction and sentence. Specifically, he alleges that, even though a judgment on his case was filed with the Cuyahoga County Clerk of Courts on July 28, 1994, that judgment was invalid because it was not signed by Judge Kenneth R. Callahan, who presided over his trial. Petitioner contends that the lack of a proper signature renders the judgment in question void and, as a result, deprives the Cuyahoga County trial court of any jurisdiction over him.
In support of the allegations in his claim, petitioner has attached a certified copy of the judgment in question to his habeas corpus petition. Our review of that document indicates that its contents do not support his assertion concerning the lack of a signature. That is, the document has a signature line upon which there are certain markings which appear to be the signature of Judge Kenneth R. Callahan. Although this court would agree that Judge Callahan did not employ a classical handwriting style in signing the judgment, the markings on the signature line are sufficiently legible to demonstrate that the markings were intended to be the signature of Judge Callahan.
Furthermore, our review of the document indicates that it is sufficient to satisfy the other requirements for a proper judgment. In addition to setting forth the findings of the jury and the resulting sentence, the document has been time-stamped by the clerk of courts.
In determining whether a civil petition states a viable claim for relief under Civ.R. 12(B)(6), a court can review the allegations in the petition and any materials attached and incorporated into the petition. See State ex rel. Crabtree v. Franklin Cty. Bd. of Health (1997),77 Ohio St.3d 247, 249, fn. 1. In the instant case, the documents which are attached to the habeas corpus petition show that the final judgment in the underlying criminal action was signed by the judge who presided over petitioner's trial. Thus, as petitioner's own documents do not support his factual allegations, his petition does not state a viable claim for relief.
Despite the dispositive nature of the foregoing analysis, this court would also note that even if petitioner's sentencing judgment had not been signed, his petition would still fail to state a viable claim warranting his release from prison. The crux of petitioner's argument is that the lack of a signature rendered the sentencing judgment void and, as a result, deprived the trial court of jurisdiction over him. However, courts which have considered this specific issue have rejected the conclusion that this type of defect has the effect of rendering a judgment void. See Carr v. Mills (Tenn.App. Oct. 13, 2000), Knoxville App. No. E2000-00156-CCA-R3-PC, unreported, 2000 Tenn. Crim. App. LEXIS 779; Foglio v. Alvis (C.P. 1957), 75 Ohio L.Abs. 228, 1957 Ohio Misc. LEXIS 342. The basis for this holding is that the lack of a signature is an irregularity or defect which has no effect upon the jurisdiction of the trial court. Foglio, 1957 Ohio Misc LEXIS 342, at *22-24.
The Supreme Court of Ohio has stated that, as a general proposition, a writ of habeas corpus will not be granted to compel the release of a prisoner when he has not alleged a jurisdictional defect in the trial proceedings. Ellis v. McMackin (1992), 65 Ohio St.3d 161. Similarly, R.C.2725.05 expressly states that if a trial court has basic jurisdiction over a criminal proceeding, a prisoner should not be released simply because there is an "informality or defect" in the final judgment.
Consistent with the foregoing general precedent, both courts in Carr
and Foglio ultimately concluded that because the lack of a signature on a judgment does not constitute a jurisdictional defect, a writ of habeas corpus will not lie for this particular reason. In the instant case, the same logic would apply. Even if the final judgment in the underlying criminal action had not been signed by the trial judge, petitioner has still failed to state a viable claim because the alleged error did not deprive the trial court of jurisdiction over the proceeding.
As an aside, this court would further note that if the judgment in question had not been signed, petitioner could not have appealed the judgment because an unsigned judgment is not a final appealable order. See State v. Ginocchio (1987), 38 Ohio App.3d 105. However, this does not mean that petitioner would not have had a remedy. Petitioner could have moved the trial court to issue a new entry which complied with all of the basic requirements for a proper judgment. Moreover, if the trial court had then refused to issue the new judgment, petitioner could have filed a mandamus action to compel the trial court to perform this ministerial duty.
In actuality, though, the judgment in the underlying criminal case was signed by the trial judge. As part of his habeas corpus claim, petitioner expressly states that he was able to appeal his conviction immediately after the judgment was rendered in July 1994, and that the Eighth Appellate District affirmed the trial court's judgment. Thus, although the determination would not be binding upon this court, it would appear that the Eighth Appellate District decided that the judgment had been signed and that a final appealable order did exist.
Pursuant to the foregoing analysis, this court concludes that petitioner has failed to state a viable claim for habeas corpus relief. Accordingly, respondent's motion to dismiss is granted. It is the order of this court that petitioner's habeas corpus petition is hereby dismissed.
PRESIDING JUDGE WILLIAM M. O'NEILL, JUDGE JUDITH A. CHRISTLEY, JUDGE ROBERT A. NADER