DECISION.
{¶ 1} Appellant Greg Brock appeals his conviction for disorderly conduct. In his appeal, he raises two assignments of error. We do not reach the merits of his assignments, as we are without jurisdiction to entertain his appeal. The entry from which Brock appeals is not a judgment of conviction in accordance with Crim.R. 32(C) and, thus, is not a final appealable order.
 {¶ 2} Brock's case was tried to the bench. Following closing argument, the trial judge who heard the case continued it for a decision until December 3, 2002. At that time, a magistrate appeared for the trial judge and provided the parties with an oral pronouncement of the trial judge's decision and sentence. (We assume after being so advised by the judge.) The journalized entry contained only the magistrate's signature.
 {¶ 3} In a criminal case, a "judgment of conviction is required to confer jurisdiction upon appellate courts."[1] Crim.R. 32(C) defines a judgment of conviction. It states, "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render the judgment accordingly. The judge shall sign the judgment [of conviction] and the clerk shall enter it on the journal." Strict compliance with the rule is required.[2]
 {¶ 4} The Twelfth Appellate District has held that, in order to assure that a criminal defendant is fully aware of when the time to file an appeal commences to run, a formal final journal entry or order must comply with what was then Crim.R. 32(B) and is now Crim.R. 32(C). It concluded that compliance required (1) a case caption and number; (2) a designation of a decision or judgment entry or both; (3) a clear pronouncement of the court's judgment including the plea, verdict or findings, and the court's rationale if the entry is combined with a decision or opinion; (4) the judge's signature; and (5) a time stamp indicating that the judgment has been filed with the clerk for journalization.[3] If the formalities are not complied with, there is no final appealable order.[4]
 {¶ 5} In the instant case, we have a judgment that is not signed by the trial judge who conducted the trial, but is signed by a magistrate who had no connection with the trial. Crim.R. 19 describes a magistrate's authority. There is nothing in Crim.R. 19 that allows a magistrate to sign and enter a judgment for a trial judge. In fact, a magistrate's decision generally becomes effective only when adopted by a trial court.[5] Thus, it is the trial judge's signature that is necessary to comply with Crim.R. 32(C).
 {¶ 6} We do not criticize the procedure employed. Evidently the judge wanted to do some legal research concerning the proper resolution of the case. The parties were anxious for a decision. Because the judge was unable to be present, she had the magistrate preside for the sole purpose of relaying the decision to the parties. Unfortunately, the final step the judge's signature on the journal entry was omitted.
 {¶ 7} The failure of the trial judge to sign the judgment results in an improperly journalized judgment of conviction, and thus there is no conviction at all and no final appealable order. Consequently, we have no jurisdiction to hear the appeal.[6] Therefore, due to a lack of a final appealable order, this appeal is dismissed.
Appeal dismissed.
Doan, P.J., Hildebrandt, and Painter, JJ.
[1] State v. Raney, 5th Dist. No. 02-CA-14, 2002-Ohio-5295.
[2] Cincinnati v. Richardson (Mar. 12, 1999), 1st Dist. No. C-980483.
[3] State v. Ginocchio (1987), 38 Ohio App.3d 105, 106, 526 N.E.2d 1366;State v. Teague, 3rd Dist. No. 9-01-25, 2001-Ohio-2286.
[4] State v. Teague, supra, and cited cases.
[5] Crim.R. 19(E)(3)(a).
[6] Accord State v. Breedlove (1988), 46 Ohio App.3d 78, 546 N.E.2d 420
(concerning then Crim.R. 32[B]).