JOURNAL ENTRY AND OPINION
{¶ 1} In this consolidated appeal, defendants-appellants George Cornell ("Cornell") and Yolanda Mitchell ("Mitchell") challenge the trial court's guilty verdicts against them. We note numerous deficiencies in the record, including missing charges, motions, and journal and sentencing entries regarding the disposition of two charges against Cornell. We therefore dismiss this matter for lack of a final appealable order.
 {¶ 2} Plaintiff-appellee the City of Cleveland ("Cleveland") filed charges against Mitchell on May 10, 2002 of Operating a Gambling House in violation of Cleveland Codified Ordinance (" CCO") section 611.03, a first-degree misdemeanor and Bottle Clubs, in violation of C.O. section 617.09, a third-degree misdemeanor.[1] On August 8, 2002, two new charges were filed against both the defendants: Public Gaming in violation of CCO section 611.04 and Permit Required in violation of CCO 617.05, both first-degree misdemeanors.
 {¶ 3} Following various motions, the matter proceeded to a jury trial on November 7, 2002. The jury found Mitchell guilty of CCO sections 617.09, 617.05, and 611.04 and she was thereafter sentenced.[2] The jury found Cornell guilty of CCO sections 617.05 and 611.04 and was sentenced to a fine, 180 days of incarceration, which were suspended, and three years of probation. The jury also found Cornell guilty of CCO 617.09.
 {¶ 4} Crim.R. 32(C) provides that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly. The judgment shall be signed by the judge and entered by the clerk." Accord State v. Ginocchio
(1987), 38 Ohio App.3d 105.
 {¶ 5} While the transcript indicates that Cornell was charged with and found guilty of CCO 617.09, the record is devoid of any documentation relating to the charge, including: the summons, charges, any related motions, and journal entries or sentencing entries.
 {¶ 6} Furthermore, we note that appellants fail to comply with App.R. 3(D), which states in relevant part:
 {¶ 7} "The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from * * *."
 {¶ 8} Because no complete record has been provided, this court will permit appellants amend their notices of appeal, pursuant to App.R. 3(F), at the time they complete the record on appeal.
 {¶ 9} The appeal is dismissed.
Appeal dismissed.
MICHAEL J. CORRIGAN, A.J., and KENNETH A. ROCCO, J., concur.
It is, therefore, considered that said appellee and appellants share equally their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
[1] The transcript indicates and both parties submit in their briefs that Cornell was indicted on these charges, however there is nothing in the record that would so indicate.
[2] CCO 611.03 as charged in the indictment against Mitchell was nolled.