MEMORANDUM OPINION
{¶ 1} Appellant, Donald Ardale, filed a notice of appeal on December 13, 2005 from a Painesville Municipal Court judgment entry dated November 15, 2005. That entry reflected the trial court's decision finding appellant guilty of operating a vessel under the influence of alcohol and no navigational light. No sentence has been rendered.
 {¶ 2} Crim.R. 32(C) provides that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and thesentence. * * *" (Emphasis added.) Pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal from a criminal case if the appeal is from a "judgment or final order." Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts `to a disposition of the cause' before there is a basis for appeal." State v.Chamberlain (1964), 177 Ohio St. 104, 106-107.
 {¶ 3} In the instant matter, there has been no imposition of sentence, and thus, no judgment which could be the subject of an appeal. Therefore, there is no final appealable order since sentencing has not occurred.
 {¶ 4} Additionally, we note that the entry being appealed does not comply with the criteria for a final judgment as set forth in State v. Ginocchio (1987), 38 Ohio App.3d 105, or Crim.R. 32(C). In Ginocchio at 106, the court held that a final entry in a criminal case must contain the following: (1) the case caption and number; (2) a designation as a decision or judgment entry or both; (3) a clear pronouncement of the trial court's judgment, including the plea, the verdict or findings, sentence, and the court's rationale if the entry is combined with a decision or opinion; (4) the judge's signature; and (5) a time stamp indicating the filing of the judgment with the clerk for journalization. Here, the judgment entry did not contain the sentence, the trial judge's signature, or a time stamp indicating the filing of the judgment with the clerk.
 {¶ 5} For the foregoing reasons, we do not have a final appealable order.
 {¶ 6} Accordingly, this appeal is hereby, sua sponte, dismissed.
Diane V. Grendell, J., Cynthia Westcott Rice, J. concur.