MEMORANDUM OPINION
Appellant, Christopher D. Charlton, has filed the instant appeal for the purpose of contesting the trial court's decision to dismiss a pending charge against him. According to appellant, the trial court rendered its dismissal order on March 3, 2006. However, upon reviewing the record in the underlying case, this court concludes that the merits of the dismissal are not properly before us at this time because the trial court has not issued a final judgment in the matter.
In initiating this appeal, appellant attached to his notice of appeal a copy of a judgment entry prepared by the trial court in regard to this case. Our review of this document indicates that, in addition to sentencing appellant for a separate offense, the trial court expressly dismissed the charge of violating a civil protection order. However, even though this judgment entry is signed by the trial judge, it does not contain a time stamp indicating that it had been properly journalized by the trial court clerk.
In terminating any criminal case, a trial court must issue a formal judgment entry which satisfies five basic requirements. One such requirement is that the entry must be time-stamped for the purpose of indicating that the entry has been filed with the clerk for journalization. See State v. Ginocchio (1987),38 Ohio App.3d 105. In this case, although it is apparent that the trial court intended to take the necessary steps to render a final judgment, the final step in the process has not been completed: i.e., the trial court's judgment entry has not been time-stamped. Until this last step has taken place, a proper final judgment has not been issued in the underlying case, and the running of the thirty-day period for the filing of the notice of appeal has not commenced.
As an aside, this court would note that the underlying case went forward before the Trumbull County Court, Eastern Division. In attempting to initiate the instant matter before this court, appellant did not file his notice of appeal with the clerk for the Trumbull County Court, Eastern Division; instead, he filed his notice with the Clerk of Courts for the Trumbull County Court of Common Pleas. In doing so, appellant did not comply with App.R. 3(A), which mandates that the notice of appeal must be filed with the clerk of the trial court. Thus, if a proper final judgment had already been rendered, this appeal would be subject to a prejudicial dismissal. However, since the final step for a final judgment has not been completed, appellant will be able to file a new appeal once the trial court's judgment entry has been time-stamped, and this court will then be able to go forward on the merits of the underlying case.
Because a proper final judgment has not been rendered in regard to the dismissal of the charge of violating a civil protection order, this court does not have jurisdiction over this appeal. Accordingly, it is the sua sponte order of this court that the instant appeal is hereby dismissed.
Ford, P.J., O'Neill, J., concur.