JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Gerome Anderson, appeals from a common pleas court judgment convicting and sentencing him for three counts of aggravated robbery with firearms specifications, three counts of robbery with firearms specifications, and one count of drug possession with firearms specifications, pursuant to his guilty plea. He argues that the court erred by rejecting his motion to withdraw his guilty plea before sentencing, and by failing to hold a hearing on this motion.
 {¶ 2} The judgment of conviction and sentencing order filed July 14, 2005 bears a marginally legible signature which begins with the letter "P," most likely "Peter," followed by a capital "J." The remainder of the signature is illegible. Obviously, this is not the signature of the sentencing judge, Michael P. Donnelly. Crim.R. 32(C) provides that the judge who presides over the proceedings which culminated in the judgment must sign the judgment. In re Mitchell (1994), 93 Ohio App.3d 153, 154
(rubber stamp may not be used in lieu of original signature); seeState v. Ginocchio (1987), 38 Ohio App.3d 105 (setting forth the form of a final order in a criminal case). Therefore, the judgment entry is not a final appealable order.
Dismissed.
This cause is dismissed.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. Concurs McMonagle, J. Dissents.