{¶ 3} Respectfully, I dissent. Initially I note that no one has raised the legitimacy or efficacy of the journal entry of conviction. While I concede that the signature appears to be that of Judge Peter J. Corrigan (and not Judge Michael Donnelly), I note that Judge Corrigan is a judge of the Court of Common Pleas, and the entry accurately reflects that which was done in the courtroom. Either Judge Corrigan signed the entry on behalf of Judge Donnelly (and failed to note that fact on the signature line) or signed it accidentally thinking the entry was one of his own; nonetheless, there is no argument that the entry does not accurately reflect the order of the court or is not in fact signed by a judge of the court. Further, its validity is not an issue between appellant and appellee.
 {¶ 4} While the majority states that Crim.R. 32(C) says that the judge who presides over the proceedings which culminated in the judgment must sign the judgment, the rule says no such thing.[1] Further In re Mitchell (994),93 Ohio App.3d 153, cites two civil rules which clearly by their own terms do not apply to criminal proceedings. This is not a situation of a rubber stamp. This is a real judge's signature, and without further information to the contrary, it may be presumed that he read, reviewed and approved the entry. Finally, State v.Ginocchio (1987) 38 Ohio App.3d 105, is a municipal court case which stands for the proposition that a notation on a municipal file is not an entry of conviction or sentence and that an adequate document must bear certain indicia of a judgment; it cannot just be a handwritten notation on a file.
 {¶ 5} Accordingly, I would not dismiss this matter for lack of final appealable order, and I would proceed to the merits of the appeal.
[1] Crim Rule 32(C) states "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render the judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."