MEMORANDUM OPINION
{¶ 1} Appellant, Brian Jones, by and through counsel, filed a notice of appeal on September 14, 2007. Attached to his notice of appeal is a judgment from the Portage County Municipal Court, Kent Division, which is captioned as "Notice of Contempt Charge." As part of this judgment, the trial court indicates that appellant had been found to be in direct contempt for violating R.C. 2705.01, "for failing to go forward and was ordered to be taken into custody." Ultimately, the trial court indicated that a hearing *Page 2 
was to be held on August 24, 2007, at 3:30 p.m., where appellant would be given the opportunity to present evidence regarding his direct contempt. The court further stated that the maximum penalty for direct contempt is a $250 fine and thirty days in jail. Bond was set at $1,000, at 10%, and the court said that if appellant failed to post bond he would be held in custody until the August 24, 2007 hearing.
 {¶ 2} A review of the trial court docket reflects that bond was posted by appellant on August 17, 2007. Several pleadings have since been filed with the trial court, but there is no indication that the August 24, 2007 hearing went forward or that appellant was sentenced on the direct contempt charge.
 {¶ 3} Crim.R. 32(C) provides that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * *" (Emphasis added.) Pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal from a criminal case if the appeal is from a "judgment or final order." Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts `to a disposition of the cause' before there is a basis for appeal."State v. Chamberlain (1964), 177 Ohio St. 104, 106-108
 {¶ 4} In the instant matter, there has been no imposition of sentence, and thus, no judgment which could be the subject of an appeal. Therefore, there is no final appealable order since sentencing has not occurred.
 {¶ 5} Additionally, we note that the entry being appealed does not comply with the criteria for a final judgment as set forth in State v.Ginocchio (1987), 38 Ohio App.3d 105, or Crim.R. 32(C). InGinocchio at 106, the court held that a final entry in a criminal *Page 3 
case must contain the following: (1) the case caption and number; (2) a designation as a decision or judgment entry or both; (3) a clear pronouncement of the trial court's judgment, including the plea, the verdict or findings, sentence, and the court's rationale if the entry is combined with a decision or opinion; (4) the judge's signature; and (5) a time stamp indicating the filing of the judgment with the clerk for journalization. Here, the judgment entry did not contain the sentence.
 {¶ 6} For the foregoing reasons, we do not have a final appealable order.
 {¶ 7} Accordingly, this appeal is hereby, sua sponte, dismissed.
 MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur. *Page 1