[Cite as *Bandy v. Villanueva*, 2012-Ohio-3581.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 98133

---

## WILLIE BANDY

### RELATOR

vs.

## JUDGE JOSE A. VILLANUEVA

### RESPONDENT

---

## JUDGMENT:
## COMPLAINT DISMISSED

---

Writ of Mandamus
Motion No. 454168
Order No. 457070

**RELEASE DATE:**     August 7, 2012

**RELATOR**

Willie Bandy
Inmate No. 431465
Grafton Correctional Institution
2500 S. Avon Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR RESPONDENT**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: James E. Moss, Esq.
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

**{¶1}** Relator, Willie Bandy, is the defendant in *State v. Bandy*, Cuyahoga C.P. No. CR-417888, which has been assigned to respondent judge. Bandy was originally sentenced in 2002. In 2008, Bandy appealed the sentencing entry issued on June 7, 2002. This court denied his motion for delayed appeal as well as his motion for appointment of counsel and dismissed his appeal. *State v. Bandy*, 8th Dist. No. 91322. Bandy contends that the June 7, 2002 entry is not a final appealable order because the signature of respondent judge is not legible. Bandy requests that this court issue a writ of mandamus compelling respondent to issue a sentencing entry that "complies with Crim.R. 32(C) and constitutes a final, appealable order." Complaint, at 7.

**{¶2}** Respondent has filed a motion to dismiss, which Bandy has opposed. For the reasons stated below, we hold that Bandy's complaint does not state a claim upon which relief can be granted and grant respondent's motion to dismiss.

**{¶3}** "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. (Crim.R. 32(C), explained; *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, modified.)" *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. Bandy attached a copy of the June 7, 2002 sentencing entry to his complaint. Each of the four elements required by *Lester* appears on the entry.

**{¶4}** Nevertheless, Bandy contends that the signature of the judge is not legible. He relies on *State v. Anderson*, 8th Dist. No. 87136, 2006-Ohio-3905, in which this court observed that the sentencing entry bore the "marginally legible signature" of a judge who was not the sentencing judge. *Id.* at ¶ 2.

> Crim.R. 32(C) provides that the judge who presides over the proceedings which culminated in the judgment must sign the judgment. *In re Mitchell* (1994), 93 Ohio App.3d 153, 154, 637 N.E.2d 989 (rubber stamp may not be used in lieu of original signature); see *State v. Ginocchio* (1987), 38 Ohio App.3d 105, 526 N.E.2d 1366 (setting forth the form of a final order in a criminal case). Therefore, the judgment entry is not a final appealable order.

*Id.* That is, the *Anderson* court held that the sentencing entry was not final because the sentencing judge did not sign the sentencing entry. Obviously, the signature was sufficiently legible for this court to determine that the signer was not the sentencing judge. *Anderson* does not, therefore, support Bandy's argument that an illegible judge's signature prevents an entry from being a final appealable order.

**{¶5}** Bandy also relies on *Mitchell* and *Ginocchio*, *supra*. Yet, the appeal in *Mitchell* was dismissed because the order being appealed did not bear a judge's signature. This court held that a rubber stamp could not be used in the place of a judge's signature. Similarly, in *Ginocchio*, the trial court did not issue a judgment entry meeting all of the requirements of Crim.R. 32. Rather, the trial judge signed a docket form that did not bear a time stamp.

**{¶6}** Respondent argues that none of these three cases supports Bandy's claim that relief in mandamus lies to compel respondent to issue a new sentencing entry. We agree. Bandy has not provided this court with any controlling authority for the

proposition that a purportedly illegible signature by a judge prevents a sentencing entry from being final and appealable.

{¶7}   As a consequence, Bandy has not established that he has a clear legal right to relief or that respondent has a clear legal duty to act.   Additionally, we note that each of the three cases discussed above was considered on appeal.   Bandy had, therefore, an adequate remedy by way of appeal to challenge the propriety and sufficiency of the June 7, 2002 sentencing entry.

{¶8} Furthermore, the complaint is defective.   The action is not on relation of the state as required by R.C. 2731.04, which may also be a ground for dismissal.   *Clarke v. McFaul*, 8th Dist. No. 89447, 2007-Ohio-2520, at ¶ 5.

{¶9}   Accordingly, respondent's motion to dismiss is granted.   Relator to pay costs.   The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶10} Complaint dismissed.

_____

JAMES J. SWEENEY, JUDGE

MELODY J. STEWART, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR