[Cite as *State v. Kautz*, 2018-Ohio-141.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-05-076 |
| | : | O P I N I O N<br>1/16/2018 |
| - vs - | : | |
| | : | |
| DANNY DAVID KAUTZ, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 16CR32008

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten Brandt, 520 Justice Drive, Lebanon, Ohio 45036 plaintiff-appellee

Gray and Duning, John C. Kaspar, 130 East Mulberry Street, Lebanon, Ohio 45036, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Danny David Kautz, appeals from his conviction in the Warren County Court of Common Pleas for one count of operating a vehicle while under the influence of alcohol, his sixth such conviction within the past 20 years. For the reasons outlined below, we affirm.

{¶ 2} On June 13, 2016, the Warren County Grand Jury returned an indictment

charging Kautz with two counts of operating a vehicle while under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(h). Pursuant to R.C. 2941.1413(A), each charge also included a specification alleging Kautz had previously been convicted of five or more equivalent offenses within the past 20 years.

{¶ 3} The charges arose after Kautz was involved in a single car accident at 8:30 a.m. the morning of May 24, 2016 near the Mason Early Childhood Center located on Hickory Woods Drive in Mason, Ohio. Following the accident, an eyewitness called the police and watched as Kautz got out and urinated on the front of his vehicle. Once police arrived at the scene, Kautz, who exhibited a strong odor of alcoholic beverage on his person, was observed by police to be showing signs of intoxication, signs that were confirmed by Kautz's performance – or lack thereof – of the standardized field sobriety tests. The police also discovered an open, nearly empty 24 oz. beer can located in the vehicle's center console cup holder. Two breath samples later revealed Kautz's breath-alcohol content to be .197 and .198 of one gram by weight of alcohol per 210 liters of breath, a concentration well above the higher-tiered level of alcohol for breath as proscribed by R.C. 4511.19(A)(1)(h).

{¶ 4} On June 15, 2016, Kautz pled not guilty to both charges and was released on his own recognizance. Several months later, on October 14, 2016, Kautz filed a motion to dismiss the specifications attached to each of the two pending OVI charges against him. In support of this motion, Kautz alleged that one of his prior OVI convictions, specifically his November 22, 2000 conviction in the Butler County Area II Court, should not be considered by the trial court because it was "uncounseled." The trial court summarily denied Kautz's motion on November 15, 2016. Kautz then requested the trial court reconsider its decision which the trial court denied on January 9, 2017. In so holding, the trial court found Kautz's November 22, 2000 conviction was not "uncounseled" because Kautz made a "knowing,

intelligent & voluntary waiver of his right to counsel" as evidenced by his signature on a written waiver of counsel form.

{¶ 5} On March 16, 2017, following a one-day bench trial, the trial court returned a verdict finding Kautz guilty as charged. The trial court then ordered a presentence investigation report. After the presentence investigation was completed, and upon merging the charges for purposes of sentencing, the state elected to proceed on sentencing Kautz for violating R.C. 4511.19(A)(1)(h) with the attendant R.C. 2941.1413(A) specification. Following the state's election, the trial court sentenced Kautz to serve a total aggregate term of three years in prison, ordered Kautz to pay a $1,500 fine, and suspended Kautz's driver's license for a period of ten years. The trial court also notified Kautz that he would be subject to an optional period of up to three years of postrelease control following his release from prison.

{¶ 6} Kautz now appeals from his conviction, raising two assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED BY ADMITTING A CERTIFIED COPY OF JUDGMENT ENTRY OVER THE OBJECTION OF DEFENDANT KAUTZ THAT FAILED TO SATISFY MANDATORY BASIC PROCEDURAL FORMALITIES REQUIRED TO ENSURE DUE PROCESS.

{¶ 9} In his first assignment of error, Kautz argues the trial court erred by admitting a certified copy of a judgment entry issued by the Butler County Area II Court as evidence he had been convicted of five prior OVI offenses within the past 20 years. In support of this claim, Kautz argues the certified copy submitted to the trial court was inadmissible as it did not meet the minimum mandatory requirements for admissibility as set forth by this court in *State v. Ginocchio*, 38 Ohio App.3d 105 (12th Dist.1987). Specifically, as this court stated

in *Ginocchio*, whether it be a municipal, county, or common pleas court, a formal final journal entry or order must be prepared that contains the following:

1. the case caption and number;

2. a designation as a decision or judgment entry or both;

3. a clear pronouncement of the court's judgment, including the plea, the verdict or findings, sentence, and the court's rationale if the entry is combined with a decision or opinion;

4. the judge's signature; and

5. a time stamp indicating the filing of the judgment with the clerk for journalization.

*Id.* at 106.

{¶ 10} Based on our decision in *Ginocchio*, Kautz claims the disputed entry was inadmissible and should not have been considered by the trial court. However, contrary to Kautz's claim otherwise, and setting aside the fact that Kautz likely waived this argument by stipulating to the authenticity of the disputed entry, as well as the fact that other prima-facie evidence was submitted to the trial court to establish this conviction, a simple review of the record reveals the entry at issue meets all the minimum mandatory requirements to be admissible under *Ginocchio*.[1] For instance, although Kautz may disagree, the fact that the entry is designated as a "Journal Entry" rather than as a "decision" or "judgment entry" is of little consequence considering the entry at issue contains a clear pronouncement of the trial court's verdict and sentence. The same is true regarding Kautz's claim that the entry was defective because the trial court judge used a signature stamp to sign the entry instead of his own hand. The local rules from both this court and the Butler County Area II

---

1. As it relates to waiver, we note that Kautz's trial counsel specifically stated as part of the trial transcript that the disputed entry "would be authentic, but counsel wishes to reserve – or reserve the right to object to the admission based on the waiver of counsel." Kautz, therefore, likely waived any challenge to the admissibility of the entry at issue under *Ginocchio*. Such a finding, however, is unnecessary under the facts and circumstances of this case.

- 4 -

Court authorize the use of signature stamps to reflect a judge's present intention to authenticate the signature and the document. *See* 12th Dist.Loc.App.R. 24 and Loc.R. X of the Butler County Area I, II, and III Courts. Under such circumstances, we see no reason why an entry signed with signature stamp would not carry the same weight as an entry signed with a pen.

{¶ 11} Moreover, while Kautz claims the entry is faulty because it does not contain the necessary time stamp indicating it was ever filed with the Butler County Area II Court, the entry does contain a deputy clerk's stamp certifying it as a verified copy of the original entry properly filed with that court. Kautz has provided no evidence to refute the deputy clerk's certification, nor does this court find any reason to question its validity. Therefore, because we can find no error with the trial court's decision to admit the disputed entry, Kautz's first assignment of error lacks merit and is overruled.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT ERRED IN FINDING MR. KAUTZ GUILTY OF THE SPECIFICATIONS, AS THE NOVEMBER 22, 2000, CONVICTION WAS INADMISSIBLE AS BEING UNCOUNSELED, DEFICIENT AS TO MANDATORY BASIC PROCEDURAL FORMALITIES, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 14} In his second assignment of error, Kautz argues the trial court erred by finding he had been convicted of five prior OVI offenses within the past 20 years because his November 22, 2000 conviction in the Butler County Area II Court was "uncounseled" and "should not be considered for purposes of the specification." In support of this claim, although acknowledging that he signed a written waiver of counsel indicating he voluntarily waived his right to counsel, Kautz claims such waiver was not entered either knowingly or intelligently. However, other than his bare assertion to the contrary, Kautz did not submit any evidence, whether testimony, affidavits, or transcripts, to support his claim that his

written waiver of counsel was constitutionally infirm, thereby rendering his waiver valid.

{¶ 15} In addressing a similar issue to the case at bar, the Ohio Supreme Court specifically stated that "[a] bald allegation of constitutional infirmity is insufficient to establish a prima facie showing with respect to an 'uncounseled' plea." *State v. Thompson*, 121 Ohio St.3d 250, 2009-Ohio-314, ¶ 7. That is certainly the case here. Therefore, because Kautz failed to introduce any evidence to support his claim that his written waiver of counsel entered into prior to the Butler County Area II Court finding him guilty of OVI on January 22, 2000 was constitutionally infirm, we find no error in the trial court's decision finding Kautz had been convicted of five prior OVI offenses within the past 20 years. As a result, because the state provided sufficient evidence to prove Kautz had been convicted of five prior OVI offenses within the past 20 years, the trial court properly determined the attendant specification attached to both charged OVI offenses brought pursuant to R.C. 2941.1413(A) was satisfied. Accordingly, finding no merit to Kautz's claim raised herein, Kautz's second assignment of error is overruled.

{¶ 16} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.