DECISION AND JUDGMENT ENTRY
{¶ 1} Kiersten Fox appeals the trial court's decision overruling her motion to suppress evidence obtained from a traffic stop. She contends that the court improperly found that she violated Hillsboro Municipal Ordinance 72.01, and thus, that the officer possessed probable cause or reasonable suspicion to stop her vehicle. Because the trial court did not dispose of all charges brought against Fox, we dismiss this appeal for lack of a final order.
 {¶ 2} This court is required to raise jurisdictional issues involving final appealable orders sua sponte. See In re Murray (1990),52 Ohio St.3d 155, 160, 556 N.E.2d 1169, fn. 2; Whitaker-Merrell v.Geupel Co. (1972), 29 Ohio St.2d 184, 186, 280 N.E.2d 922.
 {¶ 3} Crim.R. 32(C) requires that a trial court's judgment of conviction contain (1) the plea, (2) the verdict or findings, (3) the sentence, (4) the signature of the trial judge, and (5) the time stamp of the clerk to indicate journalization. See State v. Branham (May 26, 1999), Summit App. No. 19342; State v. Morrison (Apr. 1, 1992), Medina App. No. 2047. Courts have interpreted these requirements as imposing "a mandatory duty [on the trial court] to deal with each and every charge prosecuted against a defendant," and "[t]he failure of a trial court to comply renders the judgment of the trial court substantively deficient under Crim.R. 32[(C)]." State v. Brooks (May 16, 1991), Cuyahoga App. No. 58548, citing State v. Brown (1989), 59 Ohio App.3d 1, 2,569 N.E.2d 1068. Therefore, the failure of an entry to dispose of the court's ruling as to each prosecuted charge renders the court's order merely interlocutory. See Brooks, supra; State v. Hayes (May 24, 2000), Lorain App. No. 99CA7416; State v. Taylor (May 26, 1995), Adams App. No. 94CA585; State v. Griffin (Jan. 15, 1992), Washington App. No. 91 CA 26, citing State v. Ginocchio (1987), 38 Ohio App.3d 105, 526 N.E.2d 1366.
 {¶ 4} The state charged Ms. Fox with OMVI and failure to drive on the right side of the roadway. While it disposed of the OMVI charge the trial court's judgment entry of conviction does not dispose of the failing to drive on the right side of the roadway charge. Nothing else in the record indicates that this charge was otherwise resolved. Thus, we are without jurisdiction to consider Fox's appeal.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hillsboro Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.