{¶ 1} Anthony D. Johnson appeals the trial court' s judgment convicting him of several drug-related offenses and sentencing him to twenty years in prison. He argues that: (1) the state failed to present sufficient evidence to support his convictions; (2) the trial court erred when it "resentenced" him; and (3) the trial court erred by imposing more than the minimum sentence and consecutive sentences. Because the trial court did not dispose of all the charges the state brought against Johnson, its judgment *Page 2 
is not a final, appealable order. Therefore, we lack jurisdiction to consider this appeal, and we must dismiss it.
 {¶ 2} On March 24, 2005, the Scioto County Grand Jury returned an indictment charging appellant with the following offenses: (1) trafficking in cocaine, in violation of R.C. 2925.03(A)(2); (2) possession of crack cocaine, in violation of R.C. 2925.11(A); (3) trafficking in cocaine, in violation of R.C. 2925.03(A)(2); (4) possession of cocaine, in violation of R.C. 2925.11(A); (5) carrying a concealed weapon, in violation of R.C. 2923.12(A); and (6) having a weapon while under a disability, in violation of R.C. 2923.13(A)(3). The indictment also contained firearm and forfeiture specifications.
 {¶ 3} After the parties presented their cases, the trial court instructed the jury on all of the above offenses except the having a weapon while under a disability offense. Apparently, the state decided not to prosecute this charge. However, the record does not contain an entry that dismisses the charge.
 {¶ 4} The jury subsequently found appellant guilty of two counts of trafficking in cocaine, two counts of possession of cocaine, and carrying a concealed weapon. The trial court sentenced appellant to a total of twenty years in prison. *Page 3 
 {¶ 5} Johnson appeals and raises the following assignments of error:
 {¶ 6} I. THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST APPELLANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION.
 {¶ 7} II. THE TRIAL COURT DID NOT HAVE JURISDICTION TO SUA SPONTE RESENTENCE APPELLANT.
 {¶ 8} III.THE TRIAL COURT ERRED WHEN IT RESENTENCED APPELLANT TO ADDITIONAL PRISON TIME WHEN THE ORIGINAL SENTENCE WAS LAWFUL.
 {¶ 9} IV. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO MORE THAN THE MINIMUM SENTENCE AND CONSECUTIVE SENTENCES.
 {¶ 10} Before we can consider Johnson' s assignments of error, we first must consider a threshold jurisdictional issue. We must raise jurisdictional issues involving final, appealable orders sua sponte. SeeIn re Murray (1990), 52 Ohio St.3d 155, 160, 556 NE.2d 1169, fn.2;Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186,280 NE.2d 922.
 {¶ 11} CrimR. 32(C) requires a trial court' s judgment of conviction to contain (1) the plea, (2) the verdict or findings, (3) the sentence, (4) the signature of the trial judge, and (5) the time stamp of the clerk to indicate journalization. See State v. Branham (May 26, 1999), Summit App. No. 19342; State v. Morrison (Apr. 1, 1992), Medina App. No. 2047. Courts *Page 4 
have interpreted these requirements as imposing "a mandatory duty [on the trial court] to deal with each and every charge prosecuted against a defendant," and "[t]he failure of a trial court to comply renders the judgment of the trial court substantively deficient under CrimR. 32[(C)]." State v. Brooks (May 16, 1991), Cuyahoga App. No. 58548, citing State v. Brown (1989), 59 Ohio App.3d 1, 2, 569 N.E.2d 1068. Therefore, the failure of an entry to dispose of the court' s ruling as to each prosecuted charge renders the court' s order merely interlocutory. See State v. Fox, Highland App. No. 04CA15,2005-Ohio-792; see, also, Cleveland v. Duckworth (Jan. 24, 2002), Cuyahoga App. No. 79658 (stating that trial court must dispose of all charges in order for judgment to be final, appealable order);Brooks, supra; State v. Hayes (May 24, 2000), Lorain App. No. 99CA7416;State v. Taylor (May 26, 1995), Adams App. No. 94CA585; State v.Griffin (Jan. 15, 1992), Washington App. No. 91 CA 26, citing State v.Ginocchio (1987), 38 Ohio App.3d 105, 526 NE.2d 1366.
 {¶ 12} In the case at bar, the state charged Johnson with six offenses. The trial court' s judgment entry only disposes of five of the charges. It did not dispose of the having a weapons while under a disability offense. Nothing else in the record indicates that the court disposed of this charge. *Page 5 
Thus, we lack jurisdiction to consider this appeal. Accordingly, we dismiss Johnson' s appeal.
 APPEAL DISMISSED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J. and Kline, J.: Concur in Judgment and Opinion.
For the Court,
 BY: Matthew W. McFarland Presiding Judge *Page 1