DECISION AND JUDGMENT ENTRY
{¶ 1} Randy L. Nichols appeals from his four cruelty to animal convictions in the Hocking County Municipal Court. On appeal, Nichols assigns four errors. However, we do not address his assigned errors because he did not appeal a final appealable order. Accordingly, we lack jurisdiction to consider this appeal and dismiss it.
 I. {¶ 2} The state filed a complaint charging Nichols with seven counts of cruelty to animals in violation of R.C. 959.13(A)(1), misdemeanors of the second degree, involving seven horses that he owned. He entered not guilty pleas. A jury found him guilty of *Page 2 
four of the counts. The trial court's entry disposed of only four counts but it did not dispose of the remaining three counts.
 {¶ 3} Nichols appeals the trial court's entry and assigns four errors.
 II. {¶ 4} Initially, we address the threshold issue of whether the judgment entry appealed is a final appealable order. Under Ohio law, appellate courts have jurisdiction to review the final orders or judgments of the inferior courts in their district. See, generally, Section 3(B)(2), Article IV, Ohio Constitution. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss it. See General Acc. Ins. Co. v. InsuranceCo. of North America (1989), 44 Ohio St.3d 17, 20; Noble v. Colwell
(1989) 44 Ohio St.3d 92. In the event that the parties to the appeal do not raise this jurisdictional issue, the reviewing court must raise it sua sponte. See In re Murray (1990), 52 Ohio St.3d 155, 159, fn. 2;Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus; Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186.
 {¶ 5} Pursuant to Crim.R. 32(C), a trial court's judgment of a criminal conviction must contain (1) the plea, (2) the verdict or findings, (3) the sentence, (4) the trial judge's signature, and (5) the clerk's time stamp to show journalization. See, e.g., State v.Johnson, Scioto App. No. 06CA3066, 2007-Ohio-1003; State v.Sandlin, Highland App. No. 05CA23, 2006-Ohio-5021; State v. Fox, Highland App. No. 04CA15, 2005-Ohio-792. If a trial court does not comply with Crim.R. 32(C), formerly Crim.R. 32(B), then the judgment is not a final, appealable order. Id.; State v. Thivener (June 1, 2000), *Page 3 
Gallia App. No. 99CA13, citing State v. Taylor (May 26, 1995), Adams App. No. 94CA585. See, also, State v. Brown (1989), 59 Ohio App.3d 1;State v. Gales, Cuyahoga App. No. 79922, 2002-Ohio-1660.
 {¶ 6} Here, the judgment entry that Nichols appealed does not address three of the seven counts of cruelty to animals. Therefore, the entry does not comport with Crim.R. 32(C). Consequently, the appealed entry is interlocutory, instead of final.
 {¶ 7} Accordingly, we dismiss this appeal for lack of jurisdiction.
 APPEAL DISMISSED. *Page 4 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED, and Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 McFarland, P.J.: Concurs in Judgment and Opinion. Abele, J.: Dissents. *Page 1