OPINION *Page 2 
{¶ 1} Defendant-Appellant, Bruce W. Hopkins, appeals the judgment of the Sidney Municipal Court finding him guilty of operating a vehicle while under the influence of alcohol or a drug of abuse. On appeal, Hopkins argues that the trial court erred in finding him guilty of operating a vehicle while under the influence of alcohol or a drug of abuse. Finding that the trial court failed to adjudicate Hopkins on any count of the citation, we dismiss this appeal for lack of a final appealable order.
 {¶ 2} In October 2006, Trooper Steven L. Shafer, Jr. of the State Highway Patrol received a dispatch that a black sport utility vehicle had struck an unoccupied disabled vehicle parked in the emergency lane. Trooper Shafer located and stopped the black sport utility vehicle approximately seven minutes later. He observed that Christine Gibbs, Hopkins' girlfriend, was driving the vehicle and that Hopkins was seated on the passenger's side. Gibbs and Hopkins both told Trooper Shafer that Hopkins had been driving at the time of the accident. Trooper Shafer observed that Hopkins' eyes were glassy and his speech was slurred and, accordingly, administered the horizontal gaze nystagmus test (hereinafter referred to as "HGN test"), the "one-leg stand" test, and the "walk and turn" test on Hopkins.
 {¶ 3} Subsequently, Trooper Shafer arrested Hopkins and cited him for one count of operating a vehicle while under the influence of alcohol or a drug of abuse in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree, and one count of driving in *Page 3 
marked lanes in violation of R.C. 4511.33, a minor misdemeanor. Hopkins entered a plea of not guilty to both counts.
 {¶ 4} In January 2007, the case moved to trial during which Trooper Shafer testified that, when he stopped the vehicle, he noticed that Hopkins' "eyes were glassy. His movements were slow and sluggish" (trial tr., p. 9); that Hopkins' speech was slurred; that, once Hopkins "was out of the vehicle[,] he had a hard time remaining on his feet as far as standing" (trial tr., p. 9); that there are six total clues indicating that an individual is under the influence of alcohol or drugs on the HGN test; that Hopkins exhibited all six clues; that he instructed Hopkins to take nine steps and to touch his toes during the "walk and turn" test; that Hopkins performed poorly on the "walk and turn" test because he took ten steps and did not touch his toes; that Hopkins performed poorly on the "one-leg stand" test because he did not finish the test and repeatedly put his foot down; that he concluded, based on Hopkins' performance on the field sobriety tests, that Hopkins was under the influence of alcohol or drugs; that, when he stopped the vehicle, Hopkins was not driving; and, that he had no firsthand knowledge that Hopkins was operating the vehicle at the time of the accident.
 {¶ 5} Hopkins testified that Gibbs had driven the vehicle while the pair traveled through Shelby County; that he had taken two prescription Hydrocodone pills soon before Trooper Shafer stopped the vehicle; that he did not remember what happened prior to his arrest; and, that he did not remember being involved in an accident. *Page 4 
 {¶ 6} Subsequently, the trial court filed a fill-in-the-blank form entitled "Journal Entry", in which it checked the boxes preceding the phrases "Guilty A @ trial" and "Not Guilty B". The upper right-hand margin of the document contains the handwritten notes "A — DUI — IU" and "B — Lanes". The journal entry made no other reference to either count in the citation. Additionally, the journal entry reflects that the trial court sentenced Hopkins to ten days in jail, a $250.00 fine, and suspended his drivers' license for one hundred eighty days.
 {¶ 7} It is from this judgment that Hopkins appeals, presenting the following assignment of error for our review.
 THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT-APPELLANT WAS GUILTY OF DRIVING AN AUTOMOBILE WHILE UNDER THE INFLUENCE OF ALCOHOL IN VIOLATION OF O.R.C. § 4511.19(A)(1).
 {¶ 8} In his sole assignment of error, Hopkins asserts that the trial court erred in finding him guilty of operating a vehicle while under the influence of alcohol or a drug of abuse. Specifically, Hopkins contends that the State did not present sufficient evidence that he was operating the vehicle.
 {¶ 9} Before we can reach the merits of Hopkins' assignment of error, we must first determine whether jurisdiction exists to hear this appeal.
 {¶ 10} Appellate jurisdiction is limited to review of lower courts' final judgments. Section 3(B)(2), Article IV of the Ohio Constitution. To be a final appealable order, a judgment entry must meet the requirements of R.C. 2505.02 and, if applicable, Crim.R. *Page 5 
32(C). Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86,88; State v. Teague, 3d Dist. No. 9-01-25, 2001-Ohio-2286. Additionally, the issue of whether a judgment is a final appealable order is a jurisdictional question, which an appellate court may raise sua sponte.Chef Italiano Corp., 44 Ohio St.3d at 87.
 {¶ 11} In criminal cases, "`[t]he necessity of journalizing an entry in accordance with Crim.R. 32(C) is jurisdictional. Without a properly journalized judgment of conviction, this court has no power to hear this appeal.'" State v. Moore, 3d Dist. No. 14-06-53, 2007-Ohio-4941, at ¶ 7, quoting Teague, supra. See, also, Maple Heights v. Pinkney, 8th Dist. No. 81514, 2003-Ohio-3941, at ¶ 1.
 {¶ 12} Under Crim.R. 32(C), a court's judgment of conviction must:
 [S]et forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.
 {¶ 13} Courts have interpreted Crim.R. 32(C)'s requirement that a trial court "set forth the plea, the verdict or findings, and the sentence" as mandating that a trial court set forth the verdict or findings "as to each and every charge prosecuted against an accused."State v. Brown (1980), 59 Ohio App.3d 1, 2, quoting Cleveland v.Rubinstein (1981), 8th Dist. No. 43415, 1981 WL 4582. A trial court's failure to do so renders the judgment substantively deficient and the absence of a signed journal entry indicating the trial *Page 6 
court's ruling as to each charge renders the order interlocutory and, thus, not a final appealable order. Id.
 {¶ 14} Here, the trial court failed to set forth a clear pronouncement of its judgment in the journal entry. Specifically, the trial court did not identify of which count it found Hopkins guilty and of which count it found him not guilty. Referring to letters "A" and "B" is insufficient to comply with the requirements of Crim.R. 32(C), as it does not clearly reflect the trial court's findings as to each count, and nothing in this form entry identifies which statutory sections were under consideration. Likewise, the handwritten note in the margin designating "A" as "DUI" and "B" as "Lanes" is unhelpful because it does not clearly state the counts prosecuted and does not fall within the body of the journal entry. Additionally, the journal entry does not contain Hopkins' plea as to either count. Because the journal entry did not comply with Crim.R. 32(C), we find it was interlocutory, and, therefore, was not an appealable order. Accordingly, we must dismiss this appeal for lack of jurisdiction.
Appeal Dismissed.
 PRESTON and WILLAMOWSKI, JJ., concur. *Page 1