DECISION AND JUDGMENT ENTRY
{ ¶ 1} David Phillis plead guilty to one count of aggravated burglary, a violation of R.C. 2911.11(A)(1), a first-degree felony, and one count of domestic violence, a violation of R.C. 2919.25(A), a first degree misdemeanor. The trial court sentenced him to five-years imprisonment for aggravated burglary and imposed no sentence for the count of domestic violence. On appeal, he argues that the trial court abused its discretion by failing to consider several mitigating factors, that his sentence violated the Ex Post Facto and Due Process Clauses of the Constitution of the United States, and that his trial counsel was ineffective by failing to object to the sentence. However, because the trial court entered a sentence for only one of the two charges, part of the case remains pending, and there was no final appealable order. Accordingly, we must dismiss the appeal because we lack jurisdiction to hear it. *Page 2 
 { ¶ 2} An appellate court has jurisdiction over the final orders or judgments of trial courts within its district. Section (3)(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss it. General Acc. Ins. Co. v. Insurance Co.of North America (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266, 269. Because of their fundamental nature, we must raise such jurisdictional issues sua sponte. In re Murray (1990), 52 Ohio St.3d 155, 159,556 N.E.2d 1169, 1174, n. 2.
{ ¶ 3} Under Crim.R. 32(C), a trial court's judgment of a criminal conviction must contain (1) the plea, (2) the verdict or findings, (3) the sentence, (4) the trial judge's signature, and (5) the clerk's time stamp to show journalization. State v. Nichols, 4th Dist. No. 06CA8,2007-Ohio-1933, at ¶ 5. If a trial court does not comply with Crim.R. 32(C), then the judgment is not a final, appealable order. Id. More specifically, the Supreme Court of Ohio has explained that,
 "[i]n a criminal case, there must be a judgment or final order before there is a basis for appeal." State, ex rel. Leis, v. Outcalt (1982), 1 Ohio St.3d 147, 149, 1 OBR 181, 184, 438 N.E.2d 443, 447. "`Final judgment in a criminal case means sentence. The sentence is the judgment.'" State v. Chamberlain (1964), 177 Ohio St. 104, 106, 29 O.O.2d 268, 269, 202 N.E.2d 695, 696, quoting Berman v. United States (1937), 302 U.S. 211, 212, 58 S.Ct. 164, 166, 82 L.Ed. 204. "* * * [I]n a criminal case there must be a sentence which constitutes a judgment * * * before there is a basis for appeal." Chamberlain, supra, 177 Ohio St. at 106-107, 29 O.O.2d at 269, 202 N.E.2d at 696.
City of Columbus v. Taylor (1988), 39 Ohio St.3d 162, 165,529 N.E.2d 1382, 1386.
{ ¶ 4} Here, the State brought three charges against Phillis in a single indictment, and there is only one case and one case number. The trial court dismissed the robbery charge and imposed a sentence for the aggravated-burglary charge. However, the trial court imposed no sentence on the domestic violence charge. Thus, *Page 3 
the judgment below does not impose a sentence for both of the two charges. "`Absent the imposition of sentence on each and every offense for which [a defendant] was convicted, there is no final appealable order.'" State v. Garner, 11th Dist. No. 2002-T-0025, 2003-Ohio-5222, at ¶ 7, quoting State v. Collins (2001) 8th Dist. No. 79064, unreported. See also State v. Moore, 3rd Dist. No. 14-06-53, 2007-Ohio-4941, at ¶ 7 ("`[W]here a trial court's order fails to impose a sentence for each charge, that order is merely interlocutory.'" (quoting State v.Hoelscher, 9th Dist. No. 05CA0085-M, 2006-Ohio-3531, at ¶ 10).
 II. Conclusion { ¶ 5} Therefore, the judgment entry in this case does not constitute a final appealable order, and we have no jurisdiction to hear Phillis's appeal. Accordingly, we dismiss the appeal.
 APPEAL DISMISSED. *Page 5 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J.: Concurs in Judgment and Opinion. Abele, J.: Dissents with Opinion. *Page 4