DECISION AND JUDGMENT ENTRY
{¶ 1} Michael S. Lupardus appeals from his operating a vehicle while under the influence ("OVI") conviction in the Marietta Municipal Court. On appeal, Lupardus assigns three errors. However, we do not address his assigned errors because he did not appeal a final, appealable order. Accordingly, we lack jurisdiction to consider this appeal and dismiss it.
 I. {¶ 2} The state filed a complaint charging Lupardus with three misdemeanor offenses. That is, speeding in violation of R.C.4511.21(D)(1); OVI in violation of R.C. *Page 2 4511.19(A)(1)(a); and OVI in violation of R.C. 4511.19(A)(4).[2] He entered not guilty pleas. He filed a motion to dismiss (motion to suppress in the alternative) based on the erasure of the videotape showing him performing the field sobriety tests. The court overruled his motion. He entered a no contest plea in exchange for the dismissal of the speeding offense. The court found him guilty of OVI in violation of R.C. 4511.19. The court did not specify which section of R.C. 4511.19
and never indicated what happened to the second OVI offense. The court sentenced Lupardus for one R.C. 4511.19 offense and dismissed the speeding offense.
 {¶ 3} Lupardus appeals his OVI conviction and assigns three errors.
 II. {¶ 4} Initially, we address the threshold issue of whether the judgment entry appealed is a final, appealable order. Under Ohio law, appellate courts have jurisdiction to review the final orders or judgments of the inferior courts in their district. See, generally, Section 3(B)(2), Article IV, Ohio Constitution. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss it. See General Acc. Ins. Co. v. InsuranceCo. of North America (1989), 44 Ohio St.3d 17, 20; Noble v. Colwell
(1989) 44 Ohio St.3d 92. In the event that the parties to the appeal do not raise this jurisdictional issue, the reviewing court must raise it sua sponte. See In re Murray (1990), 52 Ohio St.3d 155, 159, fn. 2;Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus; Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186. *Page 3 
 {¶ 5} Pursuant to Traf.R. 10(B)(3), the trial court must comply with Crim.R. 32. Pursuant to Crim.R. 32(C), a trial court's judgment of a criminal conviction must contain (1) the plea, (2) the verdict or findings, (3) the sentence, (4) the trial judge's signature, and (5) the clerk's time stamp to show journalization. See, e.g., State v.Johnson, Scioto App. No. 06CA3066, 2007-Ohio-1003; State v.Sandlin, Highland App. No. 05CA23, 2006-Ohio-5021; State v. Fox, Highland App. No. 04CA15, 2005-Ohio-792. If a trial court does not comply with Crim.R. 32(C), then the judgment is not a final, appealable order. Id.; State v. Thivener (June 1, 2000), Gallia App. No. 99CA13, citing State v. Taylor (May 26, 1995), Adams App. No. 94CA585. See, also, State v. Brown (1989), 59 Ohio App.3d 1; State v. Gales, Cuyahoga App. No. 79922, 2002-Ohio-1660.
 {¶ 6} Here, the judgment entry that Lupardus appealed shows a no contest plea to a R.C. 4511.19 violation. It does not specify which section of R.C. 4511.19 and does not indicate what happened to the second OVI. A separate entry dismissed the speeding violation. Therefore, the entry does not comport with Crim.R. 32(C). See, e.g.,State v. Hopkins, Shelby App. No. 17-07-01, 2007-Ohio-5775, ¶ 14 ("trial court failed to set forth a clear pronouncement of its judgment in the journal entry"); City of Lakewood v. Dietz, Cuyahoga App. No. 80621, 2002-Ohio-4424, ¶ 2 ("mandatory duty to set forth the verdict or its findings as to each and every charge"). See, also, State v.Fitzpatrick, Lawrence App. No. 06CA33, 2007-Ohio-3985; Sandlin, supra.
 {¶ 7} Consequently, the appealed entry is interlocutory, not final.
 {¶ 8} Accordingly, we dismiss this appeal for lack of jurisdiction.
 APPEAL DISMISSED. *Page 4 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED, and Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and McFarland, J.: Concur in Judgment and Opinion.
[2] Apparently, R.C. 4511.19(A)(4) is a clerical error. It appears that the officer meant R.C. 4511.19(A)(1)(d). However, so far, neither the court nor the parties have amended this offense. See Traf.R. 11(B)(1)(b); Traf.R. 11(H); Traf.R. 20; Crim.R. 7(D); and Crim.R. 36. *Page 1