OPINION
{¶ 1} Defendant-Appellant, Bruce W. Hopkins, appeals the judgment of the Sidney Municipal Court finding him guilty of operating a vehicle while under the influence of alcohol or a drug of abuse. On appeal, Hopkins argues that the trial court erred in finding him guilty because there was insufficient evidence that he was driving the vehicle. Finding that the appeal was not timely filed, we dismiss this appeal for want of jurisdiction.
 {¶ 2} In October 2006, Trooper Steven L. Shafer, Jr. of the State Highway Patrol received a dispatch that a black sport utility vehicle had struck an unoccupied disabled vehicle parked in the emergency lane. Trooper Shafer located and stopped the black sport utility vehicle approximately seven minutes later. He observed that Christine Gibbs, Hopkins' girlfriend, was driving the vehicle and that Hopkins was seated on the passenger's side. Gibbs and Hopkins both told Trooper Shafer that Hopkins had been driving at the time of the accident. Trooper Shafer observed that Hopkins' eyes were glassy and his speech was slurred and, accordingly, administered the horizontal gaze nystagmus test, the "one-leg stand" test, and the "walk and turn" test on Hopkins. Hopkins' performance on all of the tests indicated that he was impaired.
 {¶ 3} Subsequently, Trooper Shafer arrested Hopkins and cited him for one count of operating a vehicle while under the influence of alcohol or a drug of *Page 3 
abuse ("OVI") in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree, and one count of driving in marked lanes in violation of R.C. 4511.33, a minor misdemeanor. Hopkins entered a plea of not guilty to both counts.
 {¶ 4} In January 2007, the case moved to trial, during which Trooper Shafer testified that, based upon Hopkins' demeanor and his performance on the field sobriety tests, he concluded that Hopkins was under the influence of alcohol or drugs. Trooper Shafer further testified that Hopkins had stated that he had been driving at the time of the accident.
 {¶ 5} Hopkins, however, testified that his girlfriend, Gibbs, had driven the vehicle while the pair traveled through Shelby County; that he had taken two prescription Hydrocodone pills shortly before Trooper Shafer stopped the vehicle; that he did not remember what happened prior to his arrest; and, that he did not remember being involved in an accident.
 {¶ 6} The trial court found Hopkins guilty of the OVI offense and sentenced him to a ten-day jail term (with seven days suspended), a $250 fine, and a six-month driver's license suspension. The trial court filed a "journal entry," which consisted of a fill-in-the-blank form checking off various boxes, along with some hand-written notations in the margins. Shortly thereafter, Hopkins timely appealed from that judgment. *Page 4 
 {¶ 7} In October 2007, this Court dismissed Hopkins' appeal for lack of a final appealable order, finding that the abbreviated check-list journal entry was not sufficient to comply with the requirements of Crim. R. 32(C) because it did not clearly reflect the trial court's findings as to each count, it did not identify which statutory sections were under consideration, and it did not contain Hopkins' plea as to either count. See State v. Hopkins, 3d Dist. No. 17-07-01,2007-Ohio-5775. We found that the journal entry was interlocutory and we dismissed the appeal for lack of jurisdiction. Id. at ¶ 14.
 {¶ 8} Upon remand, the trial court filed a "Nunc Pro Tunc Entry" on December 19, 2007. This journal entry completely described the counts prosecuted, Hopkins' pleas, the trial court's findings, and the sentence, as required by Crim. R. 32(C).
 {¶ 9} On February 1, 2008, the trial court filed a "Corrected Nunc Pro Tunc Entry, (Corrected as to Last Name Only)," to remedy a typographical error in the defendant's name. In the December 2007 entry, the defendant's name was spelled "Bruce Wayne Hoskins." The February 2008 entry was an exact duplicate of the original December 2007 journal entry, except the defendant's name was correctly spelled as "Bruce Wayne Hopkins."
 {¶ 10} On February 5, 2008, Hopkins filed a notice of appeal, presenting the following assignment of error for our review. *Page 5 
 THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT-APPELLANT WAS GUILTY OF DRIVING AN AUTOMOBILE WHILE UNDER THE INFLUENCE OF ALCOHOL IN VIOLATION OF O.R.C. § 4511.19(A)(1).
 {¶ 11} In his sole assignment of error, Hopkins asserts that the trial court erred in finding him guilty of operating a vehicle while under the influence of alcohol or a drug of abuse. Specifically, Hopkins contends that the State did not present sufficient evidence that he was operating the vehicle.
 {¶ 12} Before we can reach the merits of Hopkins' assignment of error, we must again determine whether jurisdiction exists to hear this appeal. Courts of appeal are required to sua sponte raise jurisdictional issues involving final appealable orders. In re Murray (1990),52 Ohio St.3d 155, 159, fn. 2, citing Whitaker-Merrell v. Geupel Co. (1972),29 Ohio St.2d 184, 186. A notice of appeal must be filed within thirty days of the entry of the judgment or order appealed, pursuant to App. R. 4(A), or it will be untimely and the court will lack jurisdiction. State v.Corbin, 3d Dist. No. 1-06-23, 2006-Ohio 6092, ¶ 4.
 {¶ 13} A trial court retains jurisdiction to correct clerical errors in judgment entries. State v. Powell, 3d Dist. 10-07-12, 2008-Ohio-1012, ¶ 8, citing State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, ¶ 19; Crim. R. 36. "The term `clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." Cruzado,2006-Ohio-5795 at ¶ 19 (citations omitted). Nunc pro tunc entries are the *Page 6 
method utilized to correct such clerical mistakes. A corrective judgment does not act to extend the time in which an appellant can file a notice of appeal from the actual final judgment of sentence. Gold Touch, Inc.v. TJS Lab, Inc. (1998), 130 Ohio App.3d 106; Roth v. Roth (1989),65 Ohio App.3d 768. It merely clarifies the initial entry and relates back to the time of the filing of the initial entry. State v. Shamaly, 8th Dist. No. 88409, 2007-Ohio-3409, fn. 1.
 {¶ 14} The record shows that the trial court filed a final judgment entry with the clerk of the courts on December 19, 2007. Although the trial court labeled this journal entry as a "Nunc Pro Tunc Entry," we find that it was incorrectly named. This journal entry was the first entry that fully memorialized the decision of the trial court that was not merely interlocutory. Therefore, this was the original judgment entry, not a corrected judgment entry. "The mislabeling of [an] order does not void its otherwise finality[.]" Shamaly, 2007-Ohio-3409
at ¶ 8. Approximately six weeks later, on February 1, 2008, the trial court filed a true nunc pro tunc entry to correct the misspelling or typographical error in Hopkins' name. Hopkins appealed on February 5, 2008, referencing the nunc pro tunc entry that was filed on February 1, 2008.
 {¶ 15} Upon consideration of this matter, this Court finds that the trial court's February 1, 2008 nunc pro tunc entry, correcting a clerical error, applied retrospectively to the December 19, 2007 judgment which it corrected. The *Page 7 
corrective journal entry did not act to extend the time in which Hopkins could file his notice of appeal.
 {¶ 16} Accordingly, because Hopkins' notice of appeal was not filed within thirty days of the December 19, 2007 judgment entry, we must dismiss this appeal for lack of jurisdiction.
Appeal Dismissed.
 SHAW, P.J., and PRESTON, J., concur. *Page 1