[Cite as *State v. Corder*, 2010-Ohio-5652.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

State of Ohio,                                    :
                                                 :
    Plaintiff-Appellee,                 :     Case No: 10CA3
                                                 :
    v.                                  :
                                                 :     **DECISION AND**
James E. Corder,                                 :     **JUDGMENT ENTRY**
                                                 :
    Defendant-Appellant.                :     File-stamped date:  10-25-10

---

**APPEARANCES:**

Chandra L. Ontko, Cambridge, Ohio, for Appellant.

James E. Schneider, Washington County Prosecuting Attorney, Alison L. Cauthorn, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for Appellee.

---

Kline, J.:

**{¶1}**     James E. Corder appeals from his two convictions for aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1) & (C)(1)(a).  On appeal, Corder raises two assignments of error.  But we find that the judgment entry sentencing Corder is not a final appealable order because the trial court failed to impose a separate sentence for each conviction.  Accordingly, we dismiss this appeal for lack of jurisdiction.

I.

**{¶2}**     "A court of appeals has no jurisdiction over orders that are not final and appealable."  *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, at ¶6, citing Section 3(B)(2), Article IV, Ohio Constitution.  "In a criminal case, there must be a judgment or final order before there is a basis for appeal."  *State ex rel. Leis v. Outcalt* (1982), 1

Ohio St.3d 147, 149.  "If an order is not 'final,' then the court lacks subject matter jurisdiction to review the matter and the appeal must be dismissed sua sponte."  *State v. Lemaster*, Pickaway App. No. 02CA20, 2003-Ohio-4557, at ¶13 (citations omitted).

**{¶3}**     In this case, the trial court issued a judgment that determined that the defendant had been found guilty of two counts of aggravated trafficking in drugs, both felonies of the fourth degree.  After this finding, the trial court "impose[d] specific sanctions and conditions as follows: 1.  The defendant is to serve Six (6) Months in the Washington County Jail."  The judgment did not indicate whether this six month sentence was for one or both offenses.

**{¶4}**     "Under the Ohio sentencing statutes, the judge lacks the authority to consider the offenses as a group and to impose only an omnibus sentence for the group of offenses."  *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, at ¶9.  Here, the trial court imposed an aggregate sentence of imprisonment for two offenses, precisely what the Supreme Court of Ohio stated that trial courts lacked the authority to do.  "Absent the imposition of sentence on *each and every* offense for which [a defendant] was convicted, there is no final appealable order."  *State v. Phillis*, Washington App. No. 06CA75, 2007-Ohio-6893, at ¶4 (quotation omitted, emphasis added).

**{¶5}**     We therefore find that the trial court was without authority to impose this "omnibus sentence."  We conclude that the sentence of incarceration imposed against Corder is void.  See *State v. Beasley* (1984), 14 Ohio St.3d 74, 75 ("Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void."), superseded by statute on other grounds.  We

have no jurisdiction over appeals from void orders.  *State ex rel. Carnail v. McCormick*,

126 Ohio St.3d 124, 2010-Ohio-2671, at ¶36 (citations omitted).

**{¶6}**        Accordingly, we dismiss the present appeal for want of jurisdiction.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and appellee pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Harsha, J.:  Concurs in Judgment and Opinion.
McFarland, P.J.:  Concurs in Judgment Only.

For the Court

BY:  _____
     Roger L.  Kline, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**