[Cite as *State v. Smith*, 2011-Ohio-1659.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                       :         Case No.   10CA13

    vs.                                               :

NICHOLAS A. SMITH,                          :         DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                    :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:       Jacob D. Wagoner, 212 North High Street, Hillsboro, Ohio
                                                      45133

COUNSEL FOR APPELLEE:         James B. Grandey, Highland County Prosecuting Attorney,
                                                      112 Governor Foraker Place, Hillsboro, Ohio 45133

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-23-11

ABELE, J.

{¶ 1}   This is an appeal from a Highland County Common Pleas Court judgment of conviction and sentence.   The trial court found Nicholas A. Smith, defendant below and appellee herein, guilty of unlawful sexual contact with a minor, in violation of R.C. 2907.04, and sentenced him to serve three years in prison.   Appellant's counsel has advised this court that he has reviewed the record and can discern no meritorious claim to appeal.   Pursuant to Anders v.

California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493,[1] counsel thus requests to

withdraw from the case.   Appellant's counsel has suggested, however, that an appeal may

arguably exist on the basis that appellant received ineffective assistance of counsel.   However,

our review of the record reveals that we lack a final, appealable order and we therefore do not

reach an Anders review.   Instead, we must dismiss this appeal.

## I.  FACTS

{¶ 2}   On May 4, 2010, the Highland County Grand Jury returned an indictment that

charged appellant with sexual battery, in violation of R.C. 2907.03(A)(5).   On July 23, 2010, the

appellee filed a bill of information, in the same case, that charged appellant with unlawful sexual

contact with a minor in violation of R.C. 2907.04(A).   On July 23, 2010, appellant pled guilty to

unlawful sexual contact with a minor.   On September 8, 2010, the trial court sentenced appellant

to serve three years in prison.   This appeal followed.

## II.  FINAL, APPEALABLE ORDER IN CRIMINAL CASES

{¶ 3}   A court of appeals has no jurisdiction over orders that are not final and

appealable.   Section 3(B)(2), Article IV, Ohio Constitution ("Courts of appeals shall have such

jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or

---

[1]   In Anders, the United States Supreme Court held that if counsel determines, after a thorough and conscientious examination of the record, that the case is wholly frivolous, counsel should so advise the court and request permission to withdraw.   Id. At 744.   Furthermore, counsel must accompany the request with a brief that identifies anything in the record that could arguably support the appeal.   Id.   Counsel must also provide appellant with a copy of the brief and allow him sufficient time to raise any matters that he so chooses.   Id.   Once these requirements have been satisfied, the appellate court must fully examine the trial court proceedings to determine if meritorious issues exist.   Id.   If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements.   Id.   If, however, the court finds the existence of meritorious issues, it must afford the appellant assistance of counsel before deciding the merits of the case.   Id.

final orders of the courts of record inferior to the court of appeals within the district * * * "); see, also, R.C. 2953.02.   We are required to sua sponte raise jurisdictional issues when they become apparent.   See, e.g., In re B.J.G., Adams App. No. 10CA894, 2010-Ohio-5195, at ¶6.

{¶ 4}   In order for a judgment of conviction to qualify as a final appealable order, a trial court must comply with Crim.R. 32(C), which states: "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence.   If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly.   The judge shall sign the judgment and the clerk shall enter it on the journal.   A judgment is effective only when entered on the journal by the clerk."   The Ohio Supreme Court has interpreted this rule to mean that a "judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court."   State v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus; see, also, State ex rel. DeWine v. Burge, — Ohio St.3d —, — N.E.2d —, 2011-Ohio-235, at ¶8.

{¶ 5}   Ohio courts have further interpreted these requirements as imposing "'a mandatory duty [on the trial court] to deal with each and every charge prosecuted against a defendant,'" and have stated that "'[t]he failure of a trial court to comply renders the judgment of the trial court substantively deficient under Crim.R. 32[(C)].'"   State v. Geisler, Athens App. No. 07CA35, 2008-Ohio-4836, at ¶13, quoting State v. Brooks (May 16, 1991), Cuyahoga App. No. 58548, citing State v. Brown (1989), 59 Ohio App.3d 1, 2, 569 N.E.2d 1068; see, also, In re B.J.G., supra; State v. Fox, Highland App. No. 04CA15, 2005-Ohio-792.   Therefore, if a trial court fails to issue an entry that disposes of each prosecuted charge, the court's order constitutes

an interlocutory order that is not subject to appellate review.   See Geisler; State v. Lupardus,

Washington App. No. 07CA46, 2008-Ohio-2660; State v. Johnson, Scioto App. No. 06CA3066,

2007-Ohio-1003; State v. Fox, Highland App. No. 04CA15, 2005-Ohio-792; see, also, Cleveland

v. Duckworth (Jan. 24, 2002), Cuyahoga App. No. 79658 (stating that trial court must dispose of

all charges in order for judgment to be final, appealable order).

{¶ 6}   In the case at bar, the appellee instituted this case by filing an indictment that

charged appellant with sexual battery, in violation of R.C. 2907.03(A)(5).   The appellee later

filed a bill of information that charged appellant with unlawful sexual contact with a minor, in

violation of R.C. 2907.04(A).   The bill of information appears in the same case as the sexual

battery indictment and appellant subsequently entered a guilty plea to the bill of information.

However, it does not appear that the court disposed of the sexual battery charge set forth in the

indictment.   Thus, that indictment remains pending and deprives us of jurisdiction to hear this

appeal.   See, e.g., State v. Kuhn Montgomery App. No. 20912, 2005-Ohio-6836, (the defendant

pled to bill of information after the prosecution nolled the indictment).      Accordingly, based

upon the foregoing reasons, we hereby dismiss this appeal.

APPEAL DISMISSED.


JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellee recover of appellant costs

herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County

Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

Harsha, P.J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.