[Cite as *State v. Hogue*, 2018-Ohio-1109.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                        CASE NO.  1-17-58

      v.

JAMY HOGUE,                                  O P I N I O N

      DEFENDANT-APPELLANT.

---

**Appeal from Allen County Common Pleas Court**
**Trial Court No. CR 2016 0132**

**Judgment Affirmed**

**Date of Decision:  March 26, 2018**

---

**APPEARANCES:**

    *Kenneth J. Rexford* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Jamy Hogue ("Hogue"), brings this appeal from the November 16, 2017, judgment of the Allen County Common Pleas Court denying his petition for post-conviction relief. On appeal, Hogue argues that the trial court erred by denying his petition without a hearing, and by finding that res judicata was applicable to his claim.

*Facts and Procedural History*

{¶2} On April 14, 2016, Hogue was indicted for operating a vehicle while intoxicated ("OVI") in violation of R.C. 4511.19(A)(1)(b)/(G)(1)(d), a felony of the fourth degree due to Hogue allegedly having 5 prior offenses within 20 years. Hogue was also indicted for one count of OVI in violation of R.C. 4511.19(A)(1)(a)/(G)(1)(d), a felony of the fourth degree due to Hogue allegedly having 5 prior offenses with 20 years. Hogue originally pled not guilty to the charges.

{¶3} On July 12, 2016, Hogue entered a negotiated guilty plea wherein he agreed to plead guilty to OVI in violation of R.C. 4511.19(A)(1)(b)/(G)(1)(d) and in exchange the State agreed to dismiss the other OVI allegation and recommend that Hogue be sentenced to community control with 60 days of local incarceration. Hogue's guilty plea was accepted, he was found guilty of OVI as alleged, and he was sentenced to the recommended sentence of the State.

{¶4} Hogue did not appeal his conviction and sentence to this Court.

{¶5} On September 6, 2017, a motion to revoke Hogue's community control was filed based on Hogue purportedly being arrested for another OVI violation.

{¶6} On October 16, 2017, Hogue's counsel filed a petition for post-conviction relief arguing that he received ineffective assistance of counsel in this case with regard to his negotiated guilty plea. Specifically, he contended that he could not have been convicted of a felony violation of R.C. 4511.19 here because at least two of the prior convictions that were used to enhance his OVI offense were "void or voidable" even though Hogue had pled guilty to those offenses.

{¶7} To support his argument, Hogue attached two judgment entries to his petition that were from prior OVI convictions, one from 2013 and one from 2014. Hogue argued that the judgment entries were flawed and were either void or voidable. With regard to the 2014 judgment entry convicting him of OVI, Hogue argued that the entry found him guilty of violating both R.C. "4511.19(A)(1)(a)&(A)(2)(a)&(b)." Hogue argued that the (A)(1)(a) offense and the (A)(2) offense were two separate crimes rather than one that he purportedly pled guilty to, and was sentenced upon. Hogue argued that as the judgment entry did not resolve both of the counts by merging one or dismissing one, and as there was only one sentence ordered, the 2014 sentencing entry was invalid. Hogue made the same argument regarding a 2013 conviction.

{¶8} On November 8, 2017, Hogue filed a motion for summary judgment on his petition for post-conviction relief.

{¶9} On November 9, 2017, the State filed a response to Hogue's motion arguing that it was Hogue's burden to demonstrate substantive grounds for post-conviction relief and that he had failed to do so on the basis of the 2013 and 2014 judgment entries alone.

{¶10} On November 14, 2017, Hogue filed a reply in support of his motion for summary judgment.

{¶11} On November 16, 2017, the trial court filed a judgment entry denying Hogue's motion for summary judgment and his petition for post-conviction relief. The trial court reasoned that Hogue's arguments were barred by res judicata as they could have been raised on direct appeal.

{¶12} It is from this judgment that Hogue appeals, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**The Trial Court erred in ruling that res judicata applies when the evidence upon which a petition for post-conviction relief relies is solely in eDiscovery and therefore erred in denying Mr. Hogue's petition for post-conviction relief.**

**Assignment of Error No. 2**
**The Trial Court erred in denying the petition without an evidentiary hearing.**

{¶13} Due to the nature of the discussion, we elect to address the assignments of error together.

*First and Second Assignments of Error*

{¶14} In Hogue's first assignment of error, he argues that the trial court erred by finding that res judicata was applicable in this instance. In Hogue's second assignment of error, he argues that the trial court erred in denying his petition without a hearing.

{¶15} In this case, Hogue seeks to collaterally attack prior OVI convictions that were used to enhance the penalty of his OVI offense in this case. "Generally, a past conviction cannot be attacked in a subsequent case. However, there is a limited right to collaterally attack a conviction when the state proposes to use the past conviction to enhance the penalty of a later criminal offense." *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶ 8.

{¶16} While there is a limited right to collaterally attack a prior conviction used as a penalty-enhancement, courts have held that the " '*only* recognized constitutional infirmity [to collaterally attack a prior, penalty-enhancing conviction] is that [a defendant] was denied the fundamental right to be represented by counsel, or the necessary corollary, an invalid waiver of the right to counsel.' " (Emphasis added.) *State v. Lowe*, 7th Dist. Columbiana No. 08CO37, 2010-Ohio-2788, ¶ 25, quoting *State v. Culberson*, 142 Ohio App.3d 656, 662-663, 2001-Ohio-3261. "The

United States Supreme Court expressly refused to extend the right to collaterally attack a prior penalty-enhancing conviction on grounds beyond the right to counsel." *State v. Menkhaus*, 12th Dist. Claremont No. CA2015-04-035, 2016-Ohio-550, ¶ 11, citing *Custis v. United States,* 511 U.S. 485, 496, 114 S.Ct. 1732 (1994). The Supreme Court of the United States reasoned that collateral attacks on prior, penalty-enhancing convictions should be limited to uncounseled prior convictions or an invalid waiver of the right to counsel because otherwise sentencing courts would be required to "rummage through frequently nonexistent or difficult to obtain state-court transcripts or records that may date from another era" and because of the interest of promoting finality of judgments. *Custis* at 496–497, 114 S.Ct. 1732.

**{¶17}** Limiting collateral attacks to prior, penalty-enhancing convictions has been repeatedly upheld by courts in Ohio. For example, in *State v. Lusane*, 11th Dist. Portage No. 2014-P-0057, 2016-Ohio-267, the Eleventh District Court of Appeals reaffirmed that where an appellant argued that one of his prior penalty-enhancing convictions was invalid due to the lack of a Crim.R. 11(C) plea hearing, the *only* recognized challenge to a prior penalty-enhancing conviction was the denial of the fundamental right to be represented by counsel. ¶¶ 13-14. Other Ohio Appellate Courts have applied similar reasoning to *Lusane*, refusing to extend collateral attacks to prior, penalty-enhancing convictions beyond what has been

recognized. *See State v. Menkhaus*, 12th Dist. Claremont No. CA2015-04-035, 2016-Ohio-550, ¶ 12; *State v. Drager*, 2d Dist. Montgomery No. 26067, 2014-Ohio-3056; *State v. Jones*, 5th Dist. Tuscarwaras No. 2001AP120110, 2002-Ohio-3484, ¶ 16; *State v. Phillips*, 12th Dist. Butler No. CA2009-09-242, 2010-Ohio-1941; *State v. Mikolajczyk*, 8th Dist. Cuyahoga No. 93085, 2010-Ohio-75; *State v. Dowhan*, 11th Dist. Lake No. 93085, 2009-Ohio-684.

{¶18} In this case, Hogue does not argue that his prior convictions, to which he pled guilty, were uncounseled and he does not make a *prima facie* showing that his earlier guilty pleas were uncounseled. Rather, he argues that he received ineffective assistance of counsel in this case, and essentially in the prior cases, since there may have been some potential merger or dismissal issues with regard to some of his prior penalty-enhancing convictions. Hogue's challenge in this case is not one that has been recognized as a proper constitutional infirmity to collaterally attack a prior penalty-enhancing conviction.

{¶19} The trial court did not rule specifically on this collateral-attack issue, which is likely why Hogue did not address it in his brief; however, Hogue argued at oral argument that his claims were actually not collateral attacks on the prior convictions because the prior convictions were invalid and thus, effectively, did not exist at all. This line of reasoning is specious, at best, because it depends entirely "upon collaterally attacking the [prior] judgment of conviction." *U.S. v. Fowler*,

N.D. Ohio No. 5:10CR55 2010 WL 2756942 (July 12, 2010). Hogue's argument that the prior judgment entries do not contain valid sentences relies upon an attack *on that* entry. *Id.* "This exercise is the very essence of a collateral attack[.]" *Id.*; *see also Harris v. U.S.*, N.D. Ohio Nos. 1:10CV1513, 1:CR294 2011 WL 1675422 (April 29, 2011), quoting *Fowler* (" 'absent an adjudication in a state court that a particular conviction is void, [a court] must characterize any challenge as a collateral challenge.' ").

{¶20} At oral argument and in his brief, Hogue cited this Court to *State v. Lupardus*, 4th Dist. Washington No. 07CA46, 2008-Ohio-2660, which he claims supports his position that he is not engaging in a collateral attack because the prior conviction did not exist. Contrary to Hogue's arguments, *Lupardus* was a direct appeal to the Fourth District Court of Appeals on an OVI conviction wherein the trial court's entry did not specify which section of R.C. 4511.19 a plea was regarding and the trial court's entry did not indicate what happened to a second OVI. The Fourth District found, in those circumstances, in a direct appeal where there were potential issues outstanding regarding a judgment entry, the judgment was not final. *Lupardus* did not involve a situation where a defendant was attempting to attack the finality of an underlying judgment *in a subsequent case*.

{¶21} Here Hogue seeks to have this Court evaluate and then invalidate a conviction from cases that are not even before us so that their evidentiary value is

destroyed. The Supreme Court of the United States has limited challenges to prior convictions that were based on "alleged constitutional violations. As such, there is little doubt that the Supreme Court would decline to permit challenges for alleged technical violations of a state statute." *Fowler* at * 4.

**{¶22}** Although the trial court did not rule specifically on this issue of Hogue's argument being an improper collateral attack, for this reason alone Hogue's assignments of error are not well-taken.

**{¶23}** Completely notwithstanding the previous point, Hogue's arguments still fail on appeal. At best, the judgment entries that Hogue included with his petition for post-conviction relief showed that it was *possible* that there were *potentially* merger or dismissal issues related to two of his prior convictions. However, we do not have the records from the prior cases to determine if there were later merger proceedings or charge dismissals to establish that the prior proceedings were erroneous in some manner. " 'Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity.' " *Brooke*, 2007-Ohio-1533, at ¶ 11, quoting *State v. Brandon,* 45 Ohio St.3d 85, syllabus.

**{¶24}** Here, Hogue contends that his trial counsel was ineffective for failing to make an argument regarding the prior penalty-enhancing convictions, but he has not made a *prima facie* showing that he can make such a challenge, let alone that it would have been successful. Moreover, given the potential prison time Hogue was facing, his trial counsel in *this* case appears to have negotiated a favorable deal wherein Hogue would only serve 60 days of local incarceration and be placed on community control. We cannot find that under these circumstances Hogue has demonstrated that his counsel's conduct fell below the range of reasonable professional assistance.

**{¶25}** In his brief, Hogue takes issue with a number of statements in the trial court's entry and he cites a number of cases dealing generally with post-conviction relief, including instances where proof of ineffective assistance of counsel is outside the record. Notably, the cases cited by Hogue do not deal with circumstances such as the case before us where Hogue is attempting to collaterally attack a prior, penalty-enhancing conviction. As to Hogue's other claims regarding certain errant statements made by the trial court regarding e-discovery and the trial court's purportedly improper use of res judicata in this instance, we cannot find that even if the trial court erred on either of these issues that reversible error was present in this case based on the foregoing. Accordingly, Hogue's first and second assignments of error are thus overruled.

*Conclusion*

{¶26} For the foregoing reasons Hogue's assignments of error are overruled and the judgment of the Allen County Common Pleas Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, J., concurs.**

**WILLAMOWSKI, P.J. concurs in Judgment Only.**

**/jlr**