OPINION
{¶ 1} Appellant, Steven A. Thompson, appeals from the November 2, 2006 judgment entry of the Portage County Municipal Court, Kent Division, in which he was sentenced for public indecency and labeled a sex offender.
 {¶ 2} On May 11, 2006, appellee, the state of Ohio, filed a complaint against appellant, charging him with one count of public indecency, a misdemeanor of the fourth degree, in violation of R.C. 2907.09(A)(1). On June 21, 2006, appellant entered a not guilty plea at his initial appearance. *Page 2 
 {¶ 3} On July 31, 2006, appellant withdrew his former not guilty plea and entered a plea of no contest. Through counsel, appellant waived presentation of the facts and stipulated to a finding of guilty. The trial court accepted appellant's plea and ordered him to submit to a presentence investigation through the Portage County Probation Department.
 {¶ 4} Pursuant to its November 2, 2006 judgment entry, the trial court sentenced appellant to serve thirty days in jail and ordered him to pay a fine in the amount of $250. The trial court then suspended twenty days in jail and $100 of the fine on the condition that he have no violation of the law for two years. In addition, the trial court ordered appellant to serve one year of supervised probation; ordered him to submit to an evaluation for sex offenders and follow any recommendations for treatment; ordered him to have no contact with any of the three high school students that reported the incident; and ordered him to register with the Portage County Sheriffs Department as a sex offender. Appellant's sentence as to the registration requirement was stayed pending appeal. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:[1]
 {¶ 5} "The trial court erred by imposing sentence which included sexually oriented offender registration after [appellant's] plea to a fourth degree misdemeanor charge of public indecency." *Page 3 
 {¶ 6} In his sole assignment of error, appellant argues that the trial court erred by imposing a sentence which included sexually oriented offender registration after his plea to a fourth degree misdemeanor charge of public indecency. He presents two issues for our review. In his first issue, appellant maintains that the trial court erred in imposing a sentence which included sexual offender registration when such a disposition was not available under the Revised Code. In his second issue, appellant alleges that the trial court erred in imposing a sentence that included sexually oriented offender registration when such a disposition was unreasonable, arbitrary and unconscionable under the circumstances.
 {¶ 7} Because appellant's first and second issues are interrelated, we will address them in a consolidated manner.
 {¶ 8} In the case at bar, appellant pleaded no contest to one count of public indecency, a misdemeanor of the fourth degree, in violation of R.C. 2907.09(A)(1), which provides in part: "[n]o person shall recklessly * * * under circumstances in which the person's conduct is likely to be viewed by and affront others who are in the person's physical proximity and who are not members of the person's household * * * [e]xpose the person's private parts[.]"
 {¶ 9} Based upon his plea, the trial court ordered appellant to register with the sheriff as a sex offender. Under R.C. 2950.09, a sentencing court must determine whether a sex offender is a habitual sex offender, a sexual predator, or a sexually oriented offender. Since no hearing was held to classify appellant as a habitual sex offender or a sexual predator, we can presume that the trial court attempted to classify him as a sexually oriented offender. "A sexually oriented offender is a person who has committed a `sexually oriented offense' as defined in R.C. 2950.01(D), and does not *Page 4 
meet the definition of either a habitual sex offender or sexual predator." State v. Williams (2000), 88 Ohio St.3d 513, 519. A sexually oriented offender has a duty to register with the sheriff pursuant to R.C. 2950.04(A)(1).
 {¶ 10} Although R.C. 2950.01(D) is extensive, public indecency, the charge at issue in the instant matter, is not included in the definition of "sexually oriented offense." Thus, the trial court abused its discretion since public indecency is not an offense to which sexually oriented offender registration is an available sentence. Appellee concedes that the trial court's imposition of sexual offender registration was improper here.
 {¶ 11} For the foregoing reasons, appellant's sole assignment of error is well-taken. We affirm the sentence imposed by the Portage County Municipal Court, Kent Division, with the exception of the sex offender registration condition. As such, the judgment of the trial court is affirmed in part, reversed in part, and remanded the matter for the trial court to vacate its prior November 2, 2006 judgment entry, and issue a new judgment entry containing the same sentence except for the sex offender registration condition.
CYNTHIA WESTCOTT RICE, P.J., MARY JANE TRAPP, J., concur.
[1] Pursuant to our February 9, 2007 judgment entry, this court indicated that there was no written indication on the preprinted November 2, 2006 judgment entry that appellant either entered a plea of guilty and was found guilty, or whether he was simply found guilty of the charge of public indecency. Therefore, this court held that the appealed judgment did not comply with the criteria for a formal, final judgment as set forth in State v. Ginocchio (1987), 38 Ohio App.3d 105, or Crim.R. 32(C), since it did not include the plea and the court's finding. Accordingly, this court sua sponte remanded the matter to the trial court for the sole purpose of entering an appropriate entry that complied with the criteria for a final judgment as set forth inGinocchio and Crim.R. 32(C). The trial court complied with our remand and issued a nunc pro tunc judgment entry on February 27, 2007. On March 12, 2007, this court determined that the matter would now proceed according to the Ohio Rules of Appellate Procedure. *Page 1