[Cite as *State v. Merritt*, **2021-Ohio-3681**.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J. |
| | Hon. William B. Hoffman, J. |
| -vs- | |
| | Case No. 2021 CA 0042 |
| BRIAN W. MERRITT, JR. | |
| | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Mansfield Municipal
                              Court, Case No. 2021-CRB-1046

JUDGMENT:                     Affirmed in Part; Vacated in Part

DATE OF JUDGMENT ENTRY:       October 13, 2021

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MICHAEL J. KEMERER                        BRIAN W. MERRITT, JR.
Assistant Law Director                    Richland County Jail
City of Mansfield                         73 East Second Street
30 North Diamond Street                   Mansfield, Ohio 44902
Manfield, Ohio 44902

*Hoffman, J.*

{¶1}   Defendant-appellant Brian Merritt, Jr. appeals the judgment entered by the Mansfield Municipal Court convicting him of public indecency (R.C. 2907.09(A)(2)) and sentencing him to 60 days in the Richland County Jail.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   Angela Riley is a licensed social worker who sometimes works in the Richland County Jail.  On March 2, 2021, she was working at the jail, counseling an inmate who occupied the cell next to Appellant's cell.   Appellant started calling Riley's name and making sexual comments to Riley.   When she turned to look at Appellant, she could view Appellant masturbating, with his genitals exposed to her.

{¶3}   Appellant was charged with public indecency in violation of R.C. 2907.09(A)(2).   The case proceeded to bench trial in the Mansfield Municipal Court. Appellant represented himself at trial.  Following trial, the court convicted Appellant as charged, sentenced him to 60 days in jail, and ordered him to register as a sex offender.

{¶4}   It is from the June 22, 2021 judgment of the trial court Appellant prosecutes his appeal, assigning as error:


I. WHETHER THE JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

II. WHETHER PUBLIC INDECENCY CAN BE VIOLATED WHILE IN SOLITAIRE [SIC] CONFINEMENT IN A COUNTY JAIL WHICH IS NOT OPEN TO THE PUBLIC.

III. WHETHER THE TRIAL COURT ERRED BY LABELING THE DEFENDANT/APPELLANT A SEX OFFENDER REQUIRED TO REGISTER.

I., II.

{¶5} In his first two assignments of error, Appellant argues the judgment was against the manifest weight and sufficiency of the evidence because he could not be convicted of public indecency for acts committed in a jail cell in solitary confinement. He argues the jail is not open to the public, and by definition he therefore could not commit public indecency while in his own cell.

{¶6} Appellant was convicted of public indecency in violation of R.C. 2907.09(A)(2):

(A) No person shall recklessly do any of the following, under circumstances in which the person's conduct is likely to be viewed by and affront others who are in the person's physical proximity and who are not members of the person's household:

(2) Engage in sexual conduct or masturbation[.]

{¶7} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and

created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, *quoting State v. Martin,* 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

**{¶8}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

**{¶9}** Despite the fact Appellant was in his own cell, his conduct in his cell was visible to Riley, who was standing nearby counseling the man in the cell next to Appellant's cell. Riley testified Appellant called her name and made sexual comments to her, and when she looked at Appellant, she could view him masturbating, with his genitals exposed. Tr. 19-20. She testified Appellant's conduct made her feel uncomfortable. She also testified she was not a member of Appellant's household. Riley's testimony was sufficient to demonstrate Appellant recklessly engaged in masturbation under circumstances in which his conduct was likely to be viewed by Riley, who was not a member of Appellant's household. Although Appellant focuses his argument on the word "public" in the title of the crime, the definition of the crime is provided by the language of the statute, and not the title. Riley's testimony provided sufficient evidence to convict Appellant of violating R.C. 2907.09(A)(2).

**{¶10}** We find the judgment is not against the manifest weight or sufficiency of the evidence. Appellant's first and second assignments of error are overruled.

III.

{¶11} In his third assignment of error, Appellant argues the trial court erred in ordering him to register as a sex offender.

{¶12} R.C. 2907.09(D) sets forth the circumstances under which a person convicted of public indecency may be ordered to register as a sex offender:

> (D)(1) If either of the following applies, the court may determine at the time of sentencing whether to classify the offender as a tier I sex offender/child-victim offender for a violation of division (B)(4) of this section:
>
> (a)The offender is less than ten years older than the other person.
>
> (b) The offender is ten or more years older than the other person and the offender has not previously been convicted of or pleaded guilty to any violation of this section.
>
> (2) If the offender is convicted of or pleads guilty to a violation of division (B)(4) of this section, is ten or more years older than the other person, and previously has been convicted of or pleaded guilty to any violation of this section, the court shall issue an order at the time of sentencing that classifies the offender as a tier I sex offender/child-victim offender subject to registration under sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code.

{¶13} Appellant was not subject to sex offender registration pursuant to the provisions of R.C. 2907.09(D).    Appellant was not convicted of violating R.C.

2907.09(B)(4), he was charged and convicted only of a violation of R.C. 2907.09(A)(2). Likewise, R.C. 2950.01 does not include a violation of R.C. 2907.09(A)(2) in its definition of "sexually oriented offense."   We find the trial court erred in ordering Appellant to register as a sex offender.   See *State v. Thompson,* 11th Dist. Portage No. 2006-P-0112, 2007-Ohio-3196, ¶10 (public indecency in violation of R.C. 2907.09(A)(1) is not an offense to which sex offender registration is an available sentence).

{¶14} Appellant's third assignment of error is sustained.

{¶15} The judgment of the Mansfield Municipal Court ordering Appellant to register as a sex offender is vacated.   In all other respects, the judgment of conviction and sentence is affirmed.


By: Hoffman, J.
Baldwin, P.J.  and
Gwin, J. concur